Edward S. Silver, S.
Motion to confirm the comprehensive report of the Referee, recommending a determination that the decedent’s distributees are unknown, is denied. The proof adduced established that the decedent died at the age of 82 years, unmarried, without natural or adopted children or their descendants, and that her parents died many years before her. She and her full sister, who died in infancy, were the only children of her father’s second marriage; by her father’s first marriage he had a son and daughter; the latter married and had two children. The decedent’s half sister predeceased her, and said sister’s two children predeceased the decedent without issue. The decedent’s half brother also predeceased her without issue.
The decedent had been a stenographer employed in a Wall Street law office and retired in 1956. She was acquainted with her friend Martha Schmidt for from 25 to 35 years, and resided with her for 18 years. During their acquaintanceship decedent frequently discussed with Martha decedent’s relatives, and had introduced to her Helen M. Quill, one of the claimants herein, as her cousin. The decedent told Martha that her aunts and uncles on her maternal and paternal sides were dead and there were no surviving members on the paternal side of her family. The declaration of the decedent herself respecting the nonexistence of her paternal relatives, in the court’s opinion, is of greater probative value than that which was present in Matter of Riley (24 A D 2d 630) respecting the nonexistence of maternal relatives. The facts herein are in a large measure similar to those in the Matter of Riley.
*83 An attorney of unqualified integrity with many years of practice and expert in matters involving estates wherein Irish-born decedents or their ancestors or descendants or collateral relatives are concerned, checked for the possible existence of decedent’s paternal distributees in Ireland and elsewhere. In this connection it would appear that the decedent’s father was born in or about 1845 in Ireland. The labors of the attorney in that particular regard were fruitless.
The testimony with respect to the maternal side of the family was given principally by a maternal first cousin, whose testimony, as well as other testimony, and the exhibits introduced in evidence, established to the satisfaction of the court that the said Helen M. Quill and the other five maternal first cousins once removed, named in the petition, are the decedent’s only distributees, and the court so determines.
It strikes the court as most unfair to deprive known distributees of their inheritance because there is a bare possibility (the record is barren of proof to that effect) that “ unknowns ” may exist who are equally entitled to share in the decedent’s estate. As nature does, so does the law abhor vacuums. The language of the court in Matter of Riley (supra), respecting such possibility fits this case like a glove. In this accounting proceeding unknown distributees of the decedent were duly cited and a special guardian duly appointed on their behalf.
The affidavits of legal services by the administratrix’ attorney and the services by the attorney engaged to trace decedent’s paternal relatives, and to assist in the search for the decedent’s distributees, recite facts which clearly establish the thoroughness displayed in that search to the end that there would be submitted to this court for its consideration all pertinent facts respecting the decedent’s distributees. Those services in tracing decedent’s relatives would even be compensable if the facts elicited respecting a decedent’s family line might ultimately assist in the establishment of the persons entitled thereto as distributees (Matter of Wiltshire, 4 AD 2d 981). In this case, they did help to establish such fact. Under the circumstances herein, the court fixes as the fair and reasonable compensation of the administratrix’ attorney the sum of $2,750, to include the decree herein and distribution thereunder. Disbursements of $36.95 as set forth in the attorney’s affidavit dated November 17,1965, shall be paid to the attorney of record. The objections to the amount of the attorney’s fees sought under Schedule D-l of the amended account are therefore sustained as indicated.