■ CARNES COMMUNICATIONS, INC., Appellant, v JOSEPH DELLO RUSSO, M.D., et al., Respondents. JOSEPH DELLO RUSSO, M.D., et al., Third-Party Plaintiffs-Respondents, v CARNES COMMUNICATIONS, INC., et al., Third-Party Defendants-Appellants.

[761 NYS2d 615] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 17, 2003, which, to the extent appealed from, granted defendants' motion for partial summary judgment dismissing the complaint in part, denied plaintiff's cross motion for partial summary judgment as to liability and implicitly denied the cross motion of plaintiff and third-party defendant Harley Carnes for summary judgment dismissing the counterclaim and third-party complaint, unanimously affirmed, without costs.

Because the alleged agency agreement, pursuant to which plaintiff was to act as defendants' exclusive agent in placing advertisements for defendant's Eye Center, did not expressly prohibit defendant principals from placing advertisements for the Eye Center themselves or entitle plaintiff to commissions for advertising placed directly by defendant principals, the complaint was properly dismissed insofar as it was premised upon the theory that the direct placement of advertising by defendant principals constituted a breach of the agency agreement's terms (see *Interactive Props. v Doyle Dane Bernbach*, 125 AD2d 265, 273 [1986]). The alleged agreement, while affording plaintiff an exclusive agency, did not afford plaintiff an exclusive right to sell (see *id.*).

Although the motion court did not expressly address the merits of the counterclaim and third-party complaint, summary adjudication thereof would not have been appropriate since the record presents triable issues as to whether plaintiff fraudulently exacted from defendants and third-party plaintiffs commissions to which it was not entitled. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.