■ ROAN/MEYERS ASSOCIATES, L.P., Formerly Known as JANSSEN-MEYERS ASSOCIATES, L.P., Respondent, v CT HOLDINGS, INC., Formerly Known as CITADEL TECHNOLOGY, INC., Appellant, et al., Defendants. [810 NYS2d 67]—

Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered June 9, 2004, insofar as it granted plaintiff's motion for summary judgment and awarded the principal sum of $3 million for breach of contract, and order, same court and Justice, entered January 25, 2005, which granted plaintiff's motion for reargument and awarded prejudgment interest, unanimously affirmed, with costs.

Defendant CT Holdings repudiated its financial obligations under the parties' settlement term sheet by its unequivocal communications indicating it was unable to perform those

obligations by the contract deadline (*see Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70 [2002], *lv denied* 100 NY2d 504 [2003]). Contrary to CT Holdings' contention, plaintiff did not fail to satisfy a condition precedent. A contractual duty ordinarily will not be construed as a condition precedent absent clear language that it was so intended (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992]). The language in *Lindenbaum v Royco Prop. Corp.* (165 AD2d 254, 259 [1991]), upon which CT Holdings relies, differs substantially from that in the term sheet.

We find prejudgment interest was properly awarded in the absence of any substantive argument in opposition to plaintiff's motion to reargue or a showing by CT Holdings of a reasonable excuse and the merit of its position on its vacatur motion.

We have considered CT Holdings' other contentions and find them unavailing. Concur—Saxe, J.P., Marlow, Gonzalez, Catterson and McGuire, JJ.