■ Matt Egnotovich et al., Appellants, v Katten Muchin Zavis & Roseman LLP, Respondent. [866 NYS2d 156]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 24, 2008, which granted defendant law firm, the escrow agent for a real estate venture, summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs each invested $150,000 as "membership dues" in a

business venture to acquire vacation properties for plaintiffs' use. A portion of plaintiffs' dues were held as a deposit in an escrow account for which defendant acted as escrow agent. In 2006, the venture failed as a going concern and lacks funds to pay plaintiffs' damages.

Thereafter plaintiffs brought this action against the escrow agent, claiming that it wrongfully released their escrowed funds in furtherance of fraud by the venture's sponsors. An escrow agent, who acts a trustee for both parties, is obliged to release escrow funds only in compliance with the conditions in the escrow agreement (*Green v Fischbein Olivieri Rozenholc & Badillo*, 119 AD2d 345, 349 [1986]). Defendant complied with the terms of the operative escrow agreement by disbursing funds only for authorized purposes and upon being presented with the required documentation.

Contrary to plaintiffs' contentions, the "Punta Esmeralda" development agreement was an authorized purpose because it constituted a binding contract. It contained an exchange of promises and "all of the essential terms of the contract" (*Conopco, Inc. v Wathne Ltd.*, 190 AD2d 587, 588 [1993]). Accordingly, the escrow agreement authorized those disbursements. Moreover, the escrow agent properly disbursed some escrowed funds before the parties had fully satisfied their obligations under the Punta Esmeralda agreement or other payment triggers had occurred (*see e.g. Roan/Meyers Assoc., L.P. v CT Holdings, Inc.*, 26 AD3d 295, 296 [2006]), since the escrow agreement required that defendant disburse "the amount evidenced by such agreements" for "contractually committed expenditures."

Plaintiffs' contention that defendant improperly released the entire rent amounts for residences that the sponsors had leased in Punta Esmeralda and in the Time Warner Center in New York is equally unavailing, as the leases obligated the sponsors to pay the full amount due on them, even if installment payments were permissible (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 133 [1995]).

The invoices for furnishings and related expenses constituted enforceable agreements between the sellers and the sponsors (*see Battista v Radesi*, 112 AD2d 42, 42 [1985]), and accordingly constituted proper documentation for authorized expenditures under the escrow agreement. Although some of the invoices were unsigned, the sponsors' transfer instructions, which accompanied each and every invoice to defendant, provided sufficient evidence of the venture's intent to be bound by them (*Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp.*, 208 AD2d 73, 77 [1995]).

With respect to the escrow agent's disbursement for legal services rendered by a Mexican law firm, that firm's failure to provide a retainer agreement does not preclude it from recovering legal fees for its services (*Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 62-64 [2007]).

The court properly dismissed plaintiffs' alternative causes of action, including breach of fiduciary duty, aiding and abetting fraud, and conversion. Although defendant, as designated escrow holder, had a fiduciary relationship with plaintiffs (*see Bardach v Chain Bakers, Inc.*, 265 App Div 24, 27 [1942], *affd* 290 NY 813 [1943]), plaintiffs have failed to identify any action by defendant that breaches that fiduciary relationship or conflicts with the escrow agreement. Nor is there any evidence of defendant's awareness of, or complicity with, the sponsors' purported fraud. On this basis, plaintiffs' claims for conversion and aiding and abetting fraud also fail. An action for money had and received does not lie where there is an express contract between the parties such as here (*Phoenix Garden Rest. v Chu*, 245 AD2d 164, 166 [1997]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ. [*See* 18 Misc 3d 1120(A), 2008 NY Slip Op 50140(U).]