JOAN HANSEN & COMPANY, INC., Respondent, v NYGARD INTERNATIONAL, Also Known as NYGARD INTERNATIONAL PARTNERSHIP, Appellant. [922 NYS2d 10]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered April 30, 2010, directing an accounting of

all royalty payments received by defendant during the term of plaintiff's exclusive representation and payment to plaintiff of 15% of such royalty payments, and bringing up for review an order, same court and Justice, entered March 19, 2010, which granted plaintiff's motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The appointment of plaintiff as defendant's "exclusive" licensing consultant did not, by itself, entitle plaintiff to commissions based on royalties from licensees procured by defendant (see Carnes Communications v Dello Russo, 305 AD2d 332 [2003]; Interactive Props. v Doyle Dane Bernbach, 125 AD2d 265, 272-273 [1986], lv denied 70 NY2d 613 [1987]). However, the requirement in the representation agreement that defendant pay plaintiff commissions based on royalties from "all" licensing agreements executed during the period of plaintiff's retention, and the definition of royalties as those received from "all" such licensing agreements, unambiguously gave plaintiff the right to royalty commissions from licensees procured by defendant. When the parties wished to restrict plaintiff's entitlement to commissions to those resulting from licensees it had procured, they knew how to do so. Given the lack of ambiguity, defendant's extrinsic evidence was inadmissible as an aid in interpretation (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Contrary to defendant's contention, this interpretation does not render meaningless the requirement that plaintiff perform certain services. The lack of clear conditional language indicates that the performance of services was a contractual duty but not an express condition precedent to plaintiff's right to remuneration (see Roan/Meyers Assoc., L.P. v CT Holdings, Inc., 26 AD3d 295, 296 [2006]). Even if plaintiff's performance of the services required by the representation agreement was an implied constructive condition to its right to remuneration, the parties' course of performance during a 10-year period demonstrated that any failure to perform such services was considered insubstantial (see Moore v Kopel, 237 AD2d 124, 125 [1997]).

We have considered defendant's other contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ.