■ MICHELE MONGELLI, Appellant, v WILLOUGHBY SHARP et al., Respondents.

We agree with the motion court that plaintiff landlord is foreclosed from contesting the applicability of the Loft Law as to Shavelson, Piersol, Sacks and Davis since he voluntarily registered the building as an interim multiple dwelling and failed to challenge coverage within 30 days of registration, as required by New York City Loft Board Regulations (Relating to Registration of Interim Multiple Dwellings) § 2 (A) (5). In fact, plaintiff subsequently filed two renewal applications, each time certifying that the information contained in the original application, namely, that the space utilized by those four tenants was residentially occupied, remained "true and correct." Courts should defer to the reasonable regulations of the Loft Board. *(150 W. 26th St. Corp. v Galowitz,* 121 AD2d 214.) Plaintiff, however, never asserted in his interim multiple

dwelling registration statement that defendant Wilson established residential occupancy on the basement and ground floors, as she claims. Indeed, plaintiff insisted that Wilson utilizes the space commercially, as an art gallery. According to New York City Loft Board Regulations (Relating to Determination of Interim Multiple Dwelling Status) § H (1), (2), space listed in an interim multiple dwelling but not occupied residentially is not entitled to Loft Law protection. Plaintiff therefore should not be barred from raising a coverage challenge at this time as to the basement and first floor, since the registration statement showed the space as nonresidential, and it was error to grant summary judgment in favor of Wilson. Moreover, while the other four defendants were entitled to summary judgment on the question of their right to Loft Law protection, plaintiff presented other claims, such as the defendants' liability as net lessees for the costs and expenses of complying with the Loft Law, which the court never reached. This issue, as well as the proper rental to be paid by defendants as protected residential occupants, should be referred by the landlord to the Loft Board for resolution, pending which we, in deference to that agency's unique experience, stay this proceeding. Finally, we note that the complaint should not have been dismissed as to Shavelson, Piersol, Sacks and Davis, even in part, since in an action for declaratory judgment the appropriate remedy is not to dismiss the complaint but, rather, to declare the rights of the parties. *(St. Lawrence Univ. v Trustees of Theol. School,* 20 NY2d 317.) We declare accordingly in said defendants' favor as to the right to Loft Law protection. Concur—Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.