■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD McCUMMINGS, Appellant. [665 NYS2d 901] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered May 25, 1995, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 9 years to life, unanimously affirmed.

Defendant's requests to submit to the jury the defense of justification and the lesser included offense of assault in the third degree (Penal Law § 120.00 [2]) were properly denied. There was no reasonable view of the evidence, considered in the light most favorable to defendant, to support either of these requested charges. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.

■ In the Matter of DORAN ZABARI et al., Appellants, v NEW YORK CITY LOFT BOARD et al., Respondents. [666 NYS2d 598] —Judgment, Supreme Court, New York County (Salvador Collazo, J.), entered on or about February 11, 1997, which denied petitioners' application pursuant to CPLR article 78 to annul respondent Loft Board's determination of 1996 denying them rent protection under Multiple Dwelling Law article 7-C (the Loft Law), unanimously modified, on the law, to annul that part of the determination that petitioner Doran Zabari had waived any rent protection prior to September 29, 1993, and otherwise affirmed, without costs.

The proceeding is time-barred to the extent it challenges the Board's prior order of abandonment, rendered September 29, 1993, the four-month statute of limitations (CPLR 217) having commenced to run, at the least, in May 1994, when petitioners actually learned of that prior order (see, *90-92 Wadsworth Ave. Tenants Assn. v City of N. Y. Dept. of Hous. Preservation & Dev.*, 227 AD2d 331). However, the proceeding is timely insofar as it challenges the Board's determination that Doran Zabari had implicitly waived his rights to rent regulation prior to September 29, 1993, the effective date of the order of abandonment, and that determination was arbitrary and capricious, in view of Multiple Dwelling Law § 286 (12), permitting an owner to purchase an occupant's rights under the Loft Law, and 29 RCNY 2-10 (b), requiring the owner to file a record of such sale with the Board. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.