■ ROBERT M. SIMELS, P.C., Respondent, v JOHN SILVER et al., Appellants. [755 NYS2d 847] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered November 13, 2001, after a nonjury trial, in favor of plaintiff and against defendant John Silver in the total amount of $40,958.19, and bringing up for review the posttrial order, same court and Justice, entered September 21, 2001, finding for plaintiff and directing entry of judgment for plaintiff, unanimously affirmed, without costs. Appeal from the order entered September 21, 2001 unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Since defendant never raised discharge for cause as a defense or a counterclaim, the trial court was not required to determine whether plaintiff was, in fact, discharged for cause (see Smith v Boscov's Dept. Store, 192 AD2d 949, 951 n [1993]). In any event, upon our review of the trial evidence, we conclude that plaintiff was not discharged for cause and that the trial court properly determined that defendant had not cooperated with plaintiff as required by the retainer agreements. In view of the circumstance that plaintiff attorney was discharged and that it was not pleaded, much less proved, that the discharge was for cause, an award to plaintiff in quantum meruit was proper, notwithstanding that the agreements pursuant to which plaintiff had been retained provided for compensation on a contingency basis (see id. at 950). The amount of the award was properly calculated based on, inter alia, plaintiff's posttermination invoices, received and retained by defendant without objection. Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.