OPINION OF THE COURT
Memorandum.
Order modified by providing that, upon reargument, tenant’s motion for summary judgment is denied; as so modified, affirmed without costs.
In this holdover proceeding predicated on the service of a notice purporting to terminate a monthly tenancy, the petition alleges that tenant resides in a unit which is subject to the Loft Law (Multiple Dwelling Law art 7-C) but that tenant is not protected under said law because, by written agreement with the benefit of counsel, he expressly waived any rights under said law. (The waiver appears in a rider to tenant’s expired 1995 lease.) After submitting an answer in which he asserted that he is protected under the Loft Law or, in the alternative, under the Emergency Tenant Protection Act of 1974 (L 1974, ch 576 § 4 [ETPA]), tenant moved for summary judgment. In support of his motion, tenant asserted that, after taking possession of the unit in 1995, he installed residential fixtures and furnishings with landlord’s predecessor’s permission; that the unit was not then registered with the Loft Board, although 10 other units in the building were; and that, in 1997, landlord’s predecessor amended its interim multiple dwelling (IMD) registration to include the subject unit and two other previously unregistered units. Tenant claimed that his 1995 waiver of his rights under the Loft Law was invalid as to rights which only accrued in 1997 and was, in any event, an unenforceable waiver of rent-regulatory protection. Tenant further asserted that the unit must be found to be subject to the Loft Law because landlord had admitted as much in the petition and because landlord’s predecessor’s 1997 registration of the unit had gone unchal *15 lenged for 30 days. With respect to the latter claim, tenant relied on section 2-05 (b) (5) of the New York City Loft Board Regulations (29 RCNY), which provides that the “[fjailure of an owner, lessee or agent to contest coverage within 30 days of the issue date of an IMD Registration Number . . . precludes said applicant from contesting coverage” (see e.g. Application of Bennett, Loft Board order No. 625 [June 17, 1987] [“an unchallenged registration is the legal equivalent of a Board order upholding coverage”]; see also Mongelli v Sharp, 140 AD2d 273 [1988]). In the alternative, tenant claimed that he is protected under the ETPA because the building contained more than six residential units and was built before 1974 and because, inter alia, his lease specifically provided for his residential use, and landlord’s predecessor had acquiesced therein.
In opposition to the motion, landlord asserted, inter alia, that tenant had paid no rent since 1997 and owed $124,000; that tenant was not protected under the Loft Law because he had taken possession of the unit after the close of the statutory window period; that the Loft Board filings were made under a requirement of law and did not constitute acquiescence to residential conversion; and that tenant had validly waived any rights under the Loft Law and the ETPA. Moreover, landlord claimed, tenant failed to show that landlord had acquiesced in the residential use.
In an order dated May 18, 2004 the court below correctly found that landlord’s predecessor in interest had acquiesced in the residential use, inasmuch as such use was expressly provided for in the lease. Accordingly, the court ruled that tenant was protected under the ETPA. Landlord subsequently moved for “renewal,” asserting that the Court of Appeals decision in Wolinsky v Kee Yip Realty Corp. (2 NY3d 487 [2004]) constituted a change in the law and that, in light of Wolinsky, tenant could not be protected under the ETPA since the building is located in an M-l zoning district in which residential use is not permitted. In opposition, tenant asserted, inter alia, that Wolinsky was inapplicable because it applied only to buildings that could not be legalized and here the building could be, and had to be, legalized. In fact, tenant showed landlord had already filed plans with the Loft Board to legalize the building, including the subject unit. In these circumstances, the governing case, tenant argued, was Tracto Equip. Corp. v White (NYLJ, Mar. 21, 1997, at 36, col 4 [App Term, 2d & 11th Jud Dists]), in which this court, prior to the determination in Wolinsky, had held that a *16 loft unit converted to residential use in a building, other parts of which constituted an IMD, was protected under the ETPA.
While purporting to deny the renewal motion, the court below in effect allowed reargument and now ruled that the unit was subject to the Loft Law. The ground for the court’s holding was that landlord’s predecessor’s act of registering the building with the Loft Board had subjected the unit to coverage, since the registration was not challenged within 30 days. While it found no provision in the Loft Law or Loft Board Regulations which prohibits a waiver of benefits, the court held that the Loft Law must be read in pari materia with the Rent Stabilization Code (citing BLF Realty Holding Corp. v Kasher, 299 AD2d 87 [1st Dept 2002]) and that the no-waiver provision of the latter must be read into the former. Accordingly, the court further ruled that tenant’s waiver of Loft Law coverage was unenforceable.
In our view, tenant failed to establish, on his motion for summary judgment, that the unit is subject to the Loft Law. Since the building is located in an M-l zoning district, in which residential use is not permitted, the building became subject to the Loft Law by virtue of the 1987 amendment to said law (L 1987, ch 466, § 1, adding Multiple Dwelling Law § 281 [4], eff July 27, 1987), which brought buildings located in such zoning districts under the Loft Law. With respect to the registration of buildings or parts thereof which became subject to the Loft Law pursuant to Multiple Dwelling Law § 281 (4), the New York City Loft Board Regulations provide, in pertinent part:
“(1) The provisions of these rules, § 2-05, shall be fully applicable to interim multiple dwellings or additional covered units, which are subject to coverage under Article 7-C solely pursuant to MDL § 281 (4), except as provided below:
“(i) MDL § 284 (2) requires registration of all interim multiple dwellings within sixty days of the date of the enactment. Interim multiple dwellings or additional covered units subject to Article 7-C solely pursuant to MDL § 281 (4) shall be registered on or before September 25, 1987. The initial registration period ends on June 30, 1988” (29 RCNY 2-05 [e] [1]).
Inasmuch as the purported amended registration herein was not filed within the period set forth in this regulation for initial registrations, it is questionable whether the amendment can be given the effect sought, at least in the absence of a showing of *17 residential use in the statutory window period (see e.g. Application of Chakrapani Corp., Loft Board order No. 2487 [Feb. 22, 2000] [report and recommendation of director of hearings] [“(t)he fact that the owner registered the second floor unit as an IMD in 1998 does not make the unit an IMD unit where it was not registered as such in the initial registration in 1983, and was never found covered by the Loft Board”]; Application of 303 Park Ave. S. Assoc., Loft Board order No. 2209 [Jan. 22, 1998] [allowing amendment of a registration only upon a showing of residential use during the window period]; but see e.g. Application of Founders Albatross Inc., Loft Board order No. 2567 [Sept. 26, 2000] [apparently giving effect to unsupported amendments by the owner increasing the number of units]). In any event, tenant failed, in moving for summary judgment, to show when, if ever, a new or amended IMD registration number was issued following the registration of his unit (see e.g. Application of Seidl v 82 Thomas St. Realty Corp., Loft Board order No. 11 [Oct. 4, 1983] [in which the Loft Board issued an amended IMD registration number upon accepting an amended registration]), and, from all that appears in the record, no new or amended registration number was ever issued. Since, under the terms of 29 RCNY 2-05 (b) (5), the 30-day limitation period for challenges to registrations can expire no earlier than 30 days after the “issue date of the IMD Registration Number” and since tenant did not show when such a number was issued with respect to his unit, tenant has not made a sufficient showing that the unit is subject to the Loft Law (see generally Pease v Howard, 14 Johns 479 [1817] [“every statute of limitations, being in restraint of right, must be construed strictly”]).
Contrary to tenant’s contention, landlord’s statement in the petition that the unit is subject to the Loft Law is not a judicial admission of a fact but a misstatement of the legal status of the premises. At this juncture at least, it is our view that landlord’s misstatement of the legal status of the premises should be seen as an amendable defect made in good faith which caused no prejudice to tenant. Under all the circumstances, including the fact that tenant has paid no rent since 1997, we decline to dismiss the petition on this basis (see Paikoff v Harris, 185 Misc 2d 372, 375-376 [App Term, 2d & 11th Jud Dists 1999]). In addition, since tenant, in moving for summary judgment, failed to make a sufficient showing that the unit is covered under the Loft Law and since landlord did not cross-move for summary judgment, we decline, at this juncture, to pass on the question of whether tenant’s waiver of his rights under said law can be *18 given effect. We note, however, that contrary to the view of the court below and of the parties, the Loft Law does have a provision dealing with waivers (Multiple Dwelling Law § 286 [12]; see Matter of Zabari v New York City Loft Bd., 245 AD2d 200 [1st Dept 1997]).
Tenant’s claim to coverage under the ETPA also fails. The Court of Appeals has made it clear that illegal loft conversions that were not made subject to the Loft Law are not subject to the ETPA (Wolinsky v Kee Yip Realty Corp., 2 NY3d 487 [2004], supra; see Gloveman Realty Corp. v Jefferys, 18 AD3d 812 [2005], modfg NYLJ, Nov. 26, 2003, at 30, col 1 [Sup Ct, Kings County]; cf. 315 Berry St. Corp. v Hudnall, 11 Misc 3d 138[A], 2005 NY Slip Op 52290[U] [App Term, 2d & 11th Jud Dists] [loft unit which had been subject to Loft Law and deregulated for nonresidential use became rent stabilized upon its subsequent illegal conversion to residential use]). To the extent that the Tracto Equip. Corp. case relied upon by tenant is inconsistent with Wolinsky and Gloveman, the Tracto Equip. Corp. case should no longer be followed.
Pesce, EJ., Weston Fatterson and Helen, JJ., concur.