■  LEXINGTON INSURANCE COMPANY, as Subrogee of 1633 BROADWAY LLC, Respondent, v POWER COOLING INC., Respondent, and CONCEPTS ETI, INC., et al., Appellants. [861 NYS2d 23]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 5, 2007, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them with leave to renew after further discovery, unanimously modified, on the law, appellants' motion granted to the extent of dismissing the second, fourth and fifth causes of action as against them, and otherwise affirmed, without costs.

Dismissal of the second and fourth causes of action, alleging breach of implied and express warranty, is appropriate since the claims are barred by the applicable four-year statute of limitations (see UCC 2-725 [1]). The fifth cause of action for breach of contract, predicated upon appellants' corporate predecessor having sold the allegedly defective impeller in November 1999, which defendant Power Cooling installed as a component to subrogor building owner's air conditioning system in 2000, is also barred by the four-year limitations period (id.).

Summary judgment, however, on plaintiff's first (negligence) and third (strict products liability) causes of action was properly denied. Depositions and expert discovery have yet to be conducted, and the record presents triable issues.

We have considered appellants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.

■  NICOLL & DAVIS LLP, Respondent, v ISAAC AINETCHI et al., Appellants. [859 NYS2d 368]—Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 26, 2007, which, to the extent appealed from, denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff law firm's failure to comply with the rules on retainer agreements (22 NYCRR 1215.1) does not preclude it from suing to recover legal fees for services provided (see Seth Rubenstein, P.C. v Ganea, 41 AD3d 54 [2007]). Concur—Tom, J.P., Gonzalez, Buckley and Catterson, JJ. [See 2007 NY Slip Op 30942(U).]