[892 NYS2d 41]

Masood Nabi, Appellant, v Derek S. Sells et al., Respondents.

First Department, December 17, 2009

**APPEARANCES OF COUNSEL**

*The Abramson Law Group, PLLC*, New York City (*Robert Frederic Martin* of counsel), for appellant.

*Rosato & Lucciola*, New York City (*Joseph S. Rosato* and *Gerard A. Lucciola* of counsel), for respondents.

### OPINION OF THE COURT

BUCKLEY, J.

In this action for declaratory and other relief, defendant attorneys seek to enforce the terms of a contingency fee retainer agreement.

It was error to dismiss the first cause of action merely because plaintiff is not entitled to the declaration he seeks (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]); the proper course is to declare in favor of defendants (*see Holliswood Care Ctr. v Whalen*, 58 NY2d 1001, 1004 [1983]; *Mongelli v Sharp*, 140 AD2d 273 [1988]). The aspects of the contingency fee retainer agreement prepared by defendants and signed by plaintiff that allegedly render it noncompliant with 22 NYCRR 1215.1 do not bar defendants from recovering in quantum meruit (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 60-64 [2007]; *see also Egnotovich v Katten Muchin Zavis & Roseman LLP*, 55 AD3d 462, 464 [2008]; *Nicoll & Davis LLP v Ainetchi*, 52 AD3d 412 [2008]).

We need not decide whether any of the alleged defects in the retainer agreement, alone or in combination, bar recovery in contract. Provided that defendant attorneys were not discharged for cause, in which case they would not be entitled to any fee (*see Matter of Montgomery*, 272 NY 323, 326 [1936]), their recovery would be limited to the fair and reasonable value of their services, computed on the basis of quantum meruit (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]; *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458 [1989]; *Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 186, 188-189 [2002]; *Smith v Boscov's Dept. Store*, 192 AD2d 949, 950 [1993]). The rationale for the rule is that, due to the special relationship of the utmost trust and confidence between a client and an attorney, the client has the right to discharge the attorney at any time, for any reason, or for no reason, regardless of any particularized retainer agreement, and the client should not be compelled to pay damages for exercising the absolute right to cancel the contract (*see Martin v Camp*, 219 NY 170, 173-176 [1916]; *see also Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556-557 [1981]; *Matter of Montgomery*, 272 NY at 327; *Matter of Krooks*, 257 NY 329, 331-332 [1931]). Against the client's un-

qualified right to terminate the attorney-client relationship is balanced the notion that a client should not be unjustly enriched at the attorney's expense or take undue advantage of the attorney, and therefore the attorney is entitled to recover the reasonable value of services rendered (*see Matter of Cooperman*, 83 NY2d 465, 473-474 [1994]; *Demov, Morris, Levin & Shein*, 53 NY2d at 558; *Matter of Krooks*, 257 NY at 332-333). After the termination of the relationship, the client and attorney of course remain free to reach a new agreement that, in lieu of a fixed dollar amount for the quantum meruit value of services rendered, the discharged attorney shall receive as compensation a contingent percentage of the recovery, determined either at the time of substitution or the conclusion of the case (*see Matter of Cohen*, 81 NY2d at 658; *Lai Ling Cheng*, 73 NY2d at 458; *Reubenbaum v B. & H. Express*, 6 AD2d 47, 48-49 [1958]). However, such an arrangement of payment cannot be compelled by the attorney; it can only be reached with the consent of the client.

By contrast, where the dispute is between successive lawyers, rather than between the client and the attorney, a different set of rules applies (*see Matter of Cohen*, 81 NY2d at 658; *Lai Ling Cheng*, 73 NY2d at 458; *Reubenbaum*, 6 AD2d at 49). In that situation, the outgoing attorney may elect, even over the objections of the incoming attorney, either quantum meruit compensation in a fixed dollar amount at the time of discharge, or a contingent percentage fee, determined either at the time of substitution or the conclusion of the case (*see Matter of Cohen*, 81 NY2d at 658; *Lai Ling Cheng,* 73 NY2d at 458-459; *Levy v Laing*, 43 AD3d 713, 715 [2007]; *Pearl v Metropolitan Transp. Auth.*, 156 AD2d 281, 282-283 [1989]; *Reubenbaum*, 6 AD2d at 49). Even then, however, in the absence of an agreement between the outgoing and incoming attorneys, the contingent percentage fee is measured by quantum meruit, based on the discharged attorney's proportionate share of the work performed on the whole case, in addition to the amount of recovery (*see Lai Ling Cheng*, 73 NY2d at 458-459; *see also Matter of Cohen*, 81 NY2d at 658; *Reubenbaum*, 6 AD2d at 49). Indeed, the additional option of contingent percentage compensation that a discharged attorney has against incoming attorneys, not available as against the former client, sounds in quantum meruit: the incoming attorneys should not be unjustly enriched at the expense of the outgoing attorney.

The dispute at hand is between only the client and the discharged attorney. Therefore, if it is established that defend-

ants were discharged without cause, their recovery is limited to quantum meruit in a fixed dollar amount, which may be more or less than that provided in the rescinded contract that had existed between them and plaintiff, and which may be presently payable or secured by lien (*see Matter of Montgomery*, 272 NY at 326-328; *Paulsen v Halpin*, 74 AD2d 990, 991 [1980]; *Reubenbaum*, 6 AD2d at 48). Although the annulled contingency fee agreement no longer governs the parties' relationship, it may "be taken into consideration as a guide for ascertaining *quantum meruit*" (*Matter of Tillman*, 259 NY 133, 135 [1932]), in addition to such pertinent factors as " 'the nature of the litigation, the difficulty of the case, the time spent, the amount of money involved, the results achieved and amounts customarily charged for similar services in the same locality' " (*Schneider, Kleinick, Weitz, Damashek & Shoot*, 302 AD2d at 189, quoting *Smith*, 192 AD2d at 951).

Accordingly, the order of the Supreme Court, New York County (O. Peter Sherwood, J.), entered February 13, 2009, which, insofar as appealed from, granted defendant attorneys' motion to dismiss plaintiff former client's first cause of action for a declaration that defendant attorneys forfeited any right to a legal fee by reason of noncompliance with 22 NYCRR 1215.1, should be modified, on the law, to declare that defendants did not forfeit their right to a legal fee by reason of the alleged noncompliance with 22 NYCRR 1215.1, and otherwise affirmed, without costs; the order of the same court and Justice, entered June 9, 2009, which, insofar as appealed from, denied plaintiff's motion to dismiss defendants' first counterclaim seeking to recover legal fees on the basis of a written retainer agreement, should be modified, on the law, to limit any recovery of legal fees to quantum meruit, and otherwise affirmed, without costs.

SWEENY, J.P., CATTERSON, ACOSTA and FREEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered February 13, 2009, modified, on the law, to declare that defendants did not forfeit their right to a legal fee by reason of the alleged noncompliance with 22 NYCRR 1215.1, and otherwise affirmed, without costs. Order, same court, entered June 9, 2009, modified, on the law, to limit any recovery of legal fees to quantum meruit, and otherwise affirmed, without costs.