■ BALESTRIERE FARIELLO, Appellant, v CHECKMATE HOLDINGS, LLC, et al., Respondents. [918 NYS2d 408]—

The motion court erred by dismissing the quantum meruit claim. Accepting the allegations of the complaint as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), plaintiff law firm was discharged without cause and thus, its remedy is "to recover[ ] in quantum meruit the reasonable value of the services rendered" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 44 [1990]; *see Nabi v Sells*, 70 AD3d 252, 253 [2009]; *Robert M. Simels, P.C. v Silver*, 303 AD2d 322 [2003]). Because plaintiff's exclusive remedy is quantum meruit, the cause of action alleging breach of contract was properly dismissed, as the retainer agreement was cancelled by the client (*see Nabi* at 253-255).

The causes of action for fraudulent inducement and promissory fraud were properly dismissed. The claims were not pleaded with particularity, and were "bare-bones," without referencing, for example, specific places and dates of the alleged misrepresentations (*Nicosia v Board of Mgrs. of the Weber House Condominium*, 77 AD3d 455, 456 [2010]). In any event, "[g]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support the claim" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *see 767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 76 [2004]). Furthermore, to the extent that the fraud claims

rely on the alleged misrepresentations about defendant Joe Bobker's relationship to the Bobker Group (a nonexistent entity), or that there were judgments executed against him in the past, such information was readily verifiable through public records and there could be no justifiable reliance on the misrepresentations (*see Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1056 [2009]).

The promissory estoppel cause of action was properly dismissed, since it was barred by the retainer agreement which explicitly set forth that the agreement contained the entire understanding of the parties (*see Capricorn Invs. III, L.P. v CoolBrands Intl., Inc.* 66 AD3d 409, 410 [2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.