JACK NOTRICA et al., Respondents, v NORTH HILLS HOLDING COMPANY, LLC, Defendant. JOSEPH A. ALTMAN, Nonparty Appellant. [964 NYS2d 167]—

In an action, inter alia, to recover damages for breach of contract, nonparty Joseph A. Altman, the plaintiffs' former attorney, appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 21, 2012, which, without a hearing, upon a decision entered December 8, 2010, denied his motion for an award of an attorney's fee.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and thereafter a new determination of the motion in accordance herewith.

The Supreme Court erred in denying, without a hearing, the motion of Joseph A. Altman, the plaintiffs' former attorney, for an award of an attorney's fee. As the Supreme Court noted, Altman's failure to provide a letter of engagement or written retainer agreement in compliance with 22 NYCRR 1215.1 does not bar him from recovering legal fees for services under the facts presented (*see Nabi v Sells*, 70 AD3d 252, 253 [2009]; *Miller v Nadler*, 60 AD3d 499, 499 [2009]; *Nicoll & Davis LLP v Ainetchi*, 52 AD3d 412, 412 [2008]; *Chase v Bowen*, 49 AD3d 1350, 1350-1351 [2008]; *Mintz & Gold, LLP v Hart*, 48 AD3d 526, 526 [2008]; *Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 60-64 [2007]).

Further, in its prior orders entered December 5, 2008, and September 11, 2009, respectively, the Supreme Court (LaMarca, J.) determined that an evidentiary hearing was required to determine whether Altman was discharged for cause, or whether

he was not discharged for cause and therefore entitled to recover legal fees based upon quantum meruit for the reasonable value of his services (*see Nabi v Sells*, 70 AD3d at 253). The order entered September 11, 2009, specifically directed a hearing. Those orders became the law of the case and were binding on Justices of coordinate jurisdiction (*see Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933, 935 [2011]; *Post v Post*, 141 AD2d 518, 519 [1988]). Although those prior orders are not binding on this Court (*see Clark v Great Atl. & Pac. Tea Co., Inc.*, 23 AD3d 510, 511 [2005]; *Post v Post*, 141 AD2d at 519), we conclude that the parties' submissions indicated that there were issues of fact warranting a hearing.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether Altman was discharged for cause and, if not, to determine the fair and reasonable value of his services computed on the basis of quantum meruit, and thereafter a new determination of the motion (*see Nabi v Sells*, 70 AD3d at 253)

The parties' remaining contentions are without merit. Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.