■ ROBERT J.A. ZITO, Respondent-Appellant, v FISCHBEIN BADILLO WAGNER HARDING et al., Defendants. NIMKOFF ROSENFELD & SCHECHTER, LLP, Nonparty Appellant-Respondent. [975 NYS2d 2]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered March 8, 2012, which denied nonparty Nimkoff Rosenfeld & Schechter, LLP's motion to modify and confirm a special referee's report, and granted so much of plaintiff's motion as sought to reject the report, unanimously affirmed, with costs.

The motion court correctly rejected the special referee's report and recommendation on the ground that the referee failed to hear evidence as to whether Nimkoff received a settlement offer in the underlying action and failed to communicate it to plaintiff. Plaintiff submitted an affirmation by counsel for defendant Fischbein Badillo Wagner Harding stating that he personally had conveyed an offer of $225,000 to $250,000 to Nimkoff in January 2007. Plaintiff testified that he first learned of the offer in late 2010. However, the referee declined to take

the testimony of the attorney. If proven, the failure to communicate a settlement offer would constitute a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (3) ("A lawyer shall . . . keep the client reasonably informed about the status of the matter"), and could bar Nimkoff's claim to fees, at least from February 2007 onward (*see Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 699 [2d Dept 2011]; *see also Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271 [1st Dept 1998], *lv denied* 92 NY2d 875 [1998]). Moreover, there is evidence that plaintiff ultimately accepted an offer of $265,000 (*see Boglia v Greenberg*, 63 AD3d 973, 975 [2d Dept 2009]).

Contrary to Nimkoff's argument, plaintiff's current claim is not barred by the doctrines of law of the case, collateral estoppel or res judicata based upon prior orders that dismissed plaintiff's claims alleging malpractice and ethical violations. Since evidence was offered to show that plaintiff first learned of the alleged January 2007 settlement offer in late 2010, at least a year after the motion to dismiss had been fully submitted, there is no identity of issues, as required by law of the case (*see Martin v City of Cohoes*, 37 NY2d 162 [1975]) and collateral estoppel (*see Buechel v Bain*, 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]). And, since the record suggests that the aforesaid prior orders did not arise from the same "factual grouping" as plaintiff's current settlement claim, res judicata does not bar the claim (*see UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d 469, 474 [1st Dept 2011]).

Plaintiff argues that the terms of the parties' retainer agreement should dictate the fees, if any, to which Nimkoff is entitled for representing him in the underlying action. However, plaintiff breached the retainer agreement by not reimbursing Nimkoff for its billed disbursements; Nimkoff's subsequent motion for leave to withdraw as plaintiff's counsel was granted on that ground. Subsequent orders referring the issue of fees for a hearing and determination of the amount to be awarded on a quantum meruit basis became law of the case. Moreover, since Nimkoff withdrew from representation (i.e., was not discharged for cause), it is entitled to recover the fair and reasonable value of the services it rendered to plaintiff (*see Nabi v Sells*, 70 AD3d 252 [1st Dept 2009]). We also note that a fair reading of the parties' retainer agreement reveals that the parties intended Nimkoff to be compensated pursuant to a contingency arrangement, but plaintiff's breach of the agreement undermined the goals and purpose of the agreement, rendering it unenforceable.

We have considered the parties' remaining arguments and

find them unavailing. Concur—Friedman, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.