■ X-ACT CONTRACTING CORPORATION, Appellant, v SUSAN FLANDERS et al., Respondents. [50 NYS3d 45]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 21, 2015, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Susan Flanders and Kenneth L. Kutner and Kenneth L. Kutner d/b/a Law Offices of Kenneth L. Kutner (together, Kutner) to dismiss the abuse of process cause of action against them, unanimously modified, on the law, to deny the Kutner defendants' motion, and otherwise affirmed, without costs.

The doctrine of res judicata does not bar the abuse of process claim at issue, since X-Act's claims do not arise "out of the same transaction or series of transactions" as the prior negligence and breach of contract action against Flanders (*see Zito v Harding*, 110 AD3d 628, 629 [1st Dept 2013]). The prior action involved a dispute between X-Act and Flanders over X-Act's work on a renovation project, and the present complaint involves allegations that Kutner obtained a judgment upon a so-ordered stipulation of settlement, based on a false affirmation, and then served restraining notices and refused to vacate the judgment, even after receiving proof of payment. Moreover, there was no point at which X-Act could have asserted the instant claim in the prior Civil Court action, since the case had settled by the time the alleged wrongdoing occurred. Further, in this action, X-Act is not seeking sanctions or attorneys' fees that have already been recovered, but rather damages proximately flowing from a material misrepresentation in the prior action (*see Melcher v Greenberg Traurig LLP*, 135 AD3d 547, 553 [1st Dept 2016]).

The Kutner defendants are not entitled to dismissal of the abuse of process claim on the alternate grounds that the cause of action is not adequately pleaded (CPLR 3211 [a] [7]). At the pleading stage, X-Act's complaint sufficiently states a claim for abuse of process. Kutner's false affirmation, which served as

the foundation for obtaining the judgment, taken together with the allegation of malice, suffices to state a cause of action for abuse of process (*see Phillipe v American Express Travel Related Servs. Co.*, 174 AD2d 470 [1st Dept 1991]; *see Cunningham v State of New York*, 77 AD2d 756, 757 [3d Dept 1980], *mod on other grounds* 53 NY2d 851 [1981]). However, the complaint, together with the documentary evidence in the record, is insufficient to sustain the claim against Flanders, particularly in light of X-Act's assertions in the prior action that Kutner failed to make inquiry of his client before obtaining the judgment. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.