Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP v Paravas (2021 NY Slip Op 01871)





Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP v Paravas


2021 NY Slip Op 01871


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 651994/18 Appeal No. 13430 Case No. 2020-03358 

[*1]Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, Plaintiff-Respondent,
v
Trisha Paravas, Defendant-Appellant.


Trisha Paravas, appellant pro se.
Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, Great Neck (Howard Schatz of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 6, 2020, which granted plaintiff law firm's motion for summary judgment on its claim for breach of the parties' contingency fee agreement and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, plaintiff's motion denied, the matter remanded for a hearing to determine the issue of whether plaintiff was discharged by defendant for cause, and otherwise affirmed, without costs.
Defendant made a prima facie showing that she discharged plaintiff for cause after plaintiff settled her claim, allegedly without her authorization. Plaintiff merely raises an issue of fact as to defendant's credibility and motive. The fact that defendant's implied legal malpractice claim failed on causation or damages did not dispose of the issue of whether plaintiff was discharged for cause (e.g. Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 12-13 [1st Dept 2008]). The issue of whether plaintiff was discharged for cause prior to the completion of legal services cannot be determined on this record and a hearing is required (id. at 13; see Hee Jun Cheon Lee v Garcia, 80 AD3d 541, 541 [1st Dept 2011]). Should it be determined that defendant discharged plaintiff without cause, then plaintiff's remedy would be the fair and reasonable value of its services as computed on a quantum meruit basis (see Nabi v Sells, 70 AD3d 252, 253-254 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021