IBT Media Inc. v Pragad (2023 NY Slip Op 05315)

IBT Media Inc. v Pragad

2023 NY Slip Op 05315

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 652277/22 Appeal No. 848 Case No. 2023-00650 

[*1]IBT Media Inc., Plaintiff-Appellant,
v
Dev Pragad et al., Defendants-Respondents.

Alston & Bird, LLP, New York (Michael C. Hefter of counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Robert L. Weigel of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about December 21, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the causes of action for a declaratory judgment (first cause of action), anticipatory breach of oral agreement (second cause of action), promissory estoppel (third cause of action), unjust enrichment (fourth cause of action), fraudulent inducement (fifth cause of action), breach of fiduciary duty (eighth cause of action), constructive trust (ninth cause of action), and equitable accounting (tenth cause of action), unanimously modified, on the law, to declare on the declaratory judgment cause of action that the parties' membership interest purchase agreement (the purchase agreement) is enforceable, and otherwise affirmed, without costs.
In late 2016, plaintiff IBT Media, Inc. became the subject of a criminal investigation by the Manhattan District Attorney's office. In 2018, when it appeared that plaintiff and its principal would be indicted, plaintiff decided to sell its membership interest in nonparty Newsweek to defendant NW Media Holdings Corp., a company owned partially by defendant Dev Pragad and formed for the purpose of buying plaintiff's interest in Newsweek. The transaction was documented in a September 2018 purchase agreement between plaintiff and NW Media. The purchase agreement, which contained a merger clause, stated that plaintiff agreed to sell its membership in Newsweek to NW Media free and clear of any claims or restrictions, and that the transaction would convey good title in Newsweek to NW Media. In or around late 2021, Pragad stated that he would decline to return NW Media's ownership interest in Newsweek to plaintiff.
Plaintiff failed to state a cause of action for a judgment declaring that the purchase agreement is void and unenforceable. The parties' written agreement is clear and therefore must be enforced according to its plain terms (see W.W.W. Assoc., Inc. v. Giancontieri, 77 NY2d 157, 162 [1990]). Moreover, the merger clause provides that it constitutes the entire contract between the parties and forecloses the introduction of parol evidence to vary or contradict the terms of the writing.
We also reject plaintiff's contention that parol evidence may be offered to show that the purchase agreement was a sham transaction, as plaintiff pleaded no facts establishing that at the time of the agreement, defendants did not intend to enter into an enforceable contract. On the contrary, plaintiff does not dispute that it intended to transfer its membership interest in Newsweek to NW Media, and all parties agree that the transfer ownership did take place. Rather, plaintiff maintains that, in actuality, the parties intended the transfer to be temporary. Thus, plaintiff merely challenges the completeness of the purchase agreement, not its existence or its validity (see Bersani v General Acc. Fire & Life Assur. Corp., 36 NY2d 457, [*2]461 [1975]).
We modify the order solely to declare that the purchase agreement is enforceable (see Allstate Ins. Co. v Pierre, 123 AD3d 618, 619 [1st Dept 2014]).
Supreme Court properly dismissed the third and fourth causes of action because, as we have already noted in dismissing the cause of action for a declaratory judgment, a valid written contract exists, and the relationship between the parties is therefore governed by that written agreement (see Wilson v Dantas, 173 AD3d 460, 461 [1st Dept 2019], lv denied 34 NY3d 909 [2020]; Fariello v Checkmate Holdings, LLC, 82 AD3d 437, 438 [1st Dept 2011]). Accordingly, a quasi-contractual remedy is unavailable to plaintiff (see Kramer v Greene, 142 AD3d 438, 441 [1st Dept 2016]).
Plaintiff also failed to state a cause of action for fraudulent inducement because it does not allege facts establishing that in August and September 2018, when the parties were negotiating the terms of the purchase agreement, Pragad had no intention of honoring his promises with respect to that agreement (see King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, 187 AD3d 688, 690 [1st Dept 2020]). At most, plaintiff alleges facts establishing that around three years later, in the fall of 2021, Pragad stated that he would not return Newsweek to plaintiff (see Braddock v Braddock, 60 AD3d 84, 89 [1st Dept 2009], appeal withdrawn 12 NY3d 780 [2009]).
The motion court properly dismissed the cause of action for anticipatory breach of the August 2018 oral contract, as the oral agreement could not have survived the later execution of the written agreement, which, as noted above, contained a merger clause (see Wilson, 173 AD3d at 461).
The court correctly dismissed the causes of action for breach of fiduciary duty and equitable accounting because plaintiff did not plead the necessary element of a fiduciary relationship between the parties (see Eden v St. Luke's-Roosevelt Hosp. Ctr., 96 AD3d 614, 615 [1st Dept 2012]). Rather, plaintiff's causes of action are based entirely on allegations that defendants breached their duty under the oral agreement; the claims are therefore based on a contractual obligation rather than a fiduciary one (see Royal Warwick S.A. v Hotel Representative, Inc., 106 AD3d 451, 452 [1st Dept 2013]).
Dismissal of the cause of action for unjust enrichment compels dismissal of the cause of action for constructive trust because "the purpose of a constructive trust is prevention of unjust enrichment" (see Genger v Genger, 121 AD3d 270, 278 [1st Dept 2014] [internal quotation marks omitted]).
In view of the foregoing, we need not reach defendant's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023