■ BERNARD GOMBERG, Respondent, v JOY GORMAN, as Town Clerk of the Town of Ramapo, Appellant.—In a proceed-

ing pursuant to CPLR article 78 to compel the appellant to accept certain petitions and to place the proposition referred to in the petitions on the ballot for the general election to be held on November 8, 1983, the appeal (by permission) is from an order of the Supreme Court, Rockland County (Delaney, J.), dated November 2, 1983, which ordered the Town Board of the Town of Ramapo joined as a necessary party to the action and found that the petitions seeking a referendum were not invalid solely on the basis that they failed to include the signers' election districts.

Appeal from so much of the order as directed joinder of the town board and its individual members dismissed as appellant is not aggrieved thereby (see, CPLR 5511).

Order otherwise reversed, on the law, and petition dismissed.

Appellant is awarded one bill of costs.

Between September 28, 1983, and October 6, 1983, petitioner submitted petitions containing 1,706 signatures to the appellant Town Clerk of the Town of Ramapo in order to place on the ballot the issue of whether a ward system for the election of council members should be established. The town clerk rejected all the petitions for failure to comply with Election Law § 6-130 in that the election districts of the signers were not set forth. Petitioner then commenced a proceeding pursuant to CPLR article 78 to compel the town clerk to accept the petitions and to place the proposition referred to therein on the ballot. Special Term found the invalidation of the petitions based upon the failure to include the election districts was improper and directed that the town board, which was the real party with authority to place the proposition on the ballot, be joined as a necessary party.

The town clerk's appeal from that part of the order which directed the joinder of the town board as a necessary party must be dismissed as he is not aggrieved thereby (see, CPLR 5511). In any event, we note that the joinder of such party without a direction to serve a supplemental summons specifying the pleading which must be answered was error as no jurisdiction is obtained over additional parties without such service (see, CPLR 305 [a]; 1001 [b]; see also, Schmidt v Schmidt, 99 AD2d 775; Kaplan v Kaplan, 94 AD2d 788).

Finally, we find that Special Term erred in holding that the election districts of the signers of the petitions were not required. Election Law § 6-130, which requires inclusion of the election districts, applies to referendum petitions governed by

Town Law § 91 *(Matter of Lindley v Babylon Town Clerk,* 80 AD2d 879, *affd* 53 NY2d 683). Therefore, invalidation by the town clerk of the petitions lacking such election districts was proper and the proceeding must be dismissed. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.