OPINION OF THE COURT
Jacqueline W. Silbermann, J.
Petitioner moves pursuant to CPLR article 78 vacating the order of the Commissioner of Health dated August 21, 1987 upon the ground inter alia that respondent had no jurisdiction over him and that the decision was in error.
The issues presented are most serious because the life of King, a dog, is contingent upon the results.
King having bitten three persons within a period of 24 months with sufficient severity so that medical attention was required was taken to the A.S.P.C.A. shelter on July 19, 1987, the date of his last bite, where he remains to this date.
Only two arguments were urged by petitioner, King’s owner, in an effort to vacate the order of the Commissioner of Health. The first is the allegation that the Commissioner’s order to show cause notifying petitioner of the hearing was improperly served. It is petitioner’s contention that service was improperly made because the order to show cause was not served pursuant to CPLR 308. Admittedly, three copies of the order to show cause were personally delivered at petitioner’s residence to petitioner’s father, who resides there. Petitioner argues since this is "substituted service” pursuant to CPLR 308 (2), copies of the order should also have been mailed. No allegation is made that petitioner did not receive the order to show cause from his father or that he did not have actual notice of the hearing. Indeed, petitioner appeared represented by his attorney at the hearing at the proper place, date and time.
*63 Petitioner’s argument that the CPLR’s sections with regard to service must be followed in an administrative proceeding is without merit. In an administrative proceeding the standard for service is whether the notice under all the circumstances is reasonably calculated to make the parties aware of the proceeding so that they have an opportunity to be heard. (Matter of Infante v Donohue, 42 Misc 2d 727 [Sup Ct, Albany County 1964].) The Supreme Court of the United States stated: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” (Mullane v Central Hanover Trust Co., 339 US 306, 314 [1950].)
As with all administrative tribunals, the one that heard this matter derives its jurisdiction and powers from the statute which created it. (See, Matter of Foy v Schechter, 1 NY2d 604.)
Section 7.05 of the New York City Health Code provides for service of a finding of violation as follows: "Service of the finding of violation may be made personally upon the person alleged to have committed the violation, the permittee or registrant, upon the person who was required to hold the permit or to register, upon a member of the partnership or other group concerned, upon an officer of the corporation, upon a managing or general agent or upon any other person of suitable age and discretion. Service may also be made by certified or registered mail addressed to any person upon whom personal service could be made at the address of the alleged violator, or the address of the permittee listed in the permit issued by the Board or the Commissioner (or application therefor), to the registrant at the address in the registration forms, or at the address of the premises in question. In the case of service by mail, the return post office receipt shall be proof of the finding of violation.” (Emphasis supplied.)
Concededly, service was made herein upon a person of suitable age and discretion. Petitioner had his "day in court” during which he was represented by an attorney of his choice, had an opportunity to cross-examine witnesses and to present witnesses. He was even given an adjournment by the Hearing Examiner upon his request to get a veterinarian to examine the dog but he failed to do so.
Thus, this court finds that due process was complied with by the notice procedure utilized by the Department of Health.
*64 Should petitioner now be given another opportunity to have King examined by a veterinarian in order to prove that he is not "vicious” pursuant to section 161.07 (a) of the New York City Health Code?
Section 161.07 (a) and (b) of the New York City Health Code state alternate grounds upon which a finding that an animal is vicious may be made. A finding under either subdivision is sufficient under the law for the Department of Health to order the animal destroyed. Section 161.06 reads as follows:
"(a) A dog or other animal which the Department or licensed veterinarian finds upon examination or consideration of its history to be vicious shall be surrendered to the Department by the person who owns, possesses or controls it, and the animal shall be destroyed by the Department.
"(b) A dog or other animal which has bitten a person or various persons on three separate occasions within a period of 24 months, with or without provocation, when the bite in each instance was of sufficient severity so that medical treatment was required by the person bitten shall be surrendered to the Department by the person who owns, possesses or controls it and shall be destroyed by the Department.” (Emphasis supplied.)
Although the Hearing Examiner found as to King that he was vicious and ought to be destroyed under the provisions of both subdivisions (a) and (b) of section 161.07 of the New York City Health Code, either finding would have justified her ruling.
Petitioner at no time has challenged the finding pursuant to subdivision (b) of section 161.07 of the New York City Health Code relative to a finding of viciousness based on the number of bites within the 24-month period.
Thus, petitioner’s plea for additional time to obtain a veterinarian for the purposes of determining whether or not King may properly be found to be vicious as defined in subdivision (a) of section 161.07 of the New York City Health Code is irrelevant and would be futile. The results for King would be the same. King, admittedly, having been found vicious under subdivision (b) his fate is sealed.
An often heard axiom of the law is that a dog is allowed one bite. Sadly for King, he has exceeded his quota threefold.
Accordingly, the court is constrained to uphold the law and dismiss the petition.