■ HENRIETTE PARKER et al., Appellants, v 151 EAST 83RD STREET TENANTS CORPORATION et al., Respondents, et al., Defendant.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered March 5, 1990, which granted the motion by defendant 151 East 83rd Street Tenants Corporation and the individual defendants for summary judgment dismissing the complaint, and which denied plaintiffs' cross-motion for partial summary judgment, unanimously affirmed, and the action dismissed, with costs.

This is the fourth in a series of actions brought by plaintiff Henriette Parker in a dispute which can only be described as

acrimonious. A fifth action was brought by Elizabeth Rich, the other claimant to the shares and proprietary lease to Penthouse C in the building located at 151 East 83 Street in the City and County of New York. In a previous action by Parker against defendant tenants corporation, her application for injunctive relief was denied as moot on the ground that a provision had been included in its cooperative conversion plan to hold the shares to the subject premises in escrow "pending a determination of the right of the disputants as evidenced by joint written instructions or court order" *(Parker v 151 E. 83rd St. Tenants Corp.,* Sup Ct, NY County, Index No. 26458/86, Jan. 23, 1987, Ethel Danzig, J.).

We regard as patently unnecessary the present action in which plaintiffs seek monetary damages against the tenants corporation and a declaration that Henriette Parker is entitled to the shares and proprietary lease to the subject premises. We agree with Supreme Court that this dispute was adjudicated, if not resolved, by an order dated December 14, 1988, entered in *Parker v Rich* (Sup Ct, NY County, Index No. 14710/87, Shirley Fingerhood, J.). The short-form order granted specific performance and directed a reference to hear and report on the value of the premises, use and occupancy and other charges.

The short-form order is regrettably ambiguous. Lacking the moving papers upon which it is based and confronted with a confusing record, we are unable to ascertain which, if any, party was awarded the shares and lease. However, as the order under review observes, any request for clarification or interim relief is appropriately addressed to Justice Fingerhood (CPLR 2221) and not pursued by way of duplicative litigation against a third party which has declared its willingness to abide by judicial order. We note that if plaintiffs considered defendants' participation in this action to be necessary in order to accord them complete relief in their dispute with Elizabeth Rich, they were obliged to join them as parties to this litigation (CPLR 1001). Failing this, if plaintiffs subsequently formed the opinion that defendants should be added as parties, they had only to avail themselves of the discretionary joinder provisions of CPLR 1003. In any event, defendants may enforce an estoppel against relitigation of plaintiffs' claims to possession of the shares and proprietary lease *(B. R. DeWitt, Inc. v Hall,* 19 NY2d 141; *Israel v Wood Dolson Co.,* 1 NY2d 116). Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.