■ A.I. Smith Electrical Contractors, Inc., Appellant, v City of New York (MJ-346), Respondent. [621 NYS2d 61] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about April 7, 1993, which, *inter alia,* denied plaintiff's motion for summary judgment seeking damages of $408,176.82 on its fifth cause of action and granted defendant's cross-motion to amend its answer to add a second counterclaim, unanimously affirmed, without costs.

Plaintiff, an electrical contractor, was the successful bidder on two identical contracts with the City of New York for the maintenance and repair of public street lights in two of the eight geographical contract areas of the City for the period from October 1, 1985 through September 30, 1988. During the course of the contracts, plaintiff received payments of approximately $9,000,000.

The within action was brought by plaintiff in February, 1989 seeking damages totalling over $15,000,000 for breach of contract and extra work monies in connection with these contracts. In the fifth cause of action, the only one at issue here, plaintiff sought a sum in excess of $400,000 as the balance due. (Although it appears that the fifth cause of action as delineated in the amended complaint refers to only one of the contracts, the parties, as well as the motion court, have proceeded on the assumption that this claim seeks the balance due under both contracts and we will also proceed on that assumption.)

While, according to the complaint, this amount had been duly demanded by plaintiff and was due and owing at the time the complaint was filed, it is apparent that not all the paperwork required for payment had been completed at that point, since it was only during pendency of this action that final payment requisitions were submitted by plaintiff and the amounts requisitioned, less $10,000 in liquidated damages for failure to file monthly inventory reports, were certified as due plaintiff by the City's Department of Transportation in June, 1991. The total amount certified as due under both contracts was $408,176.82.

In March, 1992, the City informed plaintiff that it was refusing to pay this sum on the ground that the Comptroller's own review of the claim revealed that liquidated damages for breaches by plaintiff which had occurred over the duration of the contract were still due from plaintiff in excess of the

$10,000 assessed by the Department of Transportation. In August, 1992, plaintiff moved for summary judgment on its fifth cause of action for the amount of $408,176.82, arguing that the certification by the Department of Transportation was all that was necessary to compel payment and that the Comptroller was not entitled to refuse payment on his own findings. In responding to that motion, the City offered evidence tending to prove that it was due $190,450 under its first counterclaim seeking liquidated damages in compensation for plaintiff's alleged failure to meet its obligation to make written requests for extensions of time in which to make repairs under the contracts, and also sought to file an amended answer which, in addition to its previously asserted counterclaim, asserted a new counterclaim seeking actual damages in compensation for plaintiff's alleged failure to meet its contractual obligation to regularly patrol the areas of its responsibility at least every ten days in order to find and repair broken street lamps. The City offered evidence in support of this proposed counterclaim seeking to prove that plaintiff's failure to perform its patrol services had damaged the City in the amount of $527,781.

The IAS Court denied plaintiff's motion for summary judgment and granted the City permission to assert its second counterclaim.

In light of plaintiff's own failure to submit to the City the necessary paperwork requisitioning the payments sought under the contract until 1991, two years after commencement of this action, and plaintiff's failure to allege anything other than conclusory claims of prejudice based on the City's delay until 1992 in asserting its second counterclaim, we find that the IAS Court properly granted the City's motion to amend.

Moreover, we find that the IAS Court properly denied plaintiff's motion for summary judgment. It is clear, contrary to plaintiff's argument, that, under the contract, the Comptroller is not bound by certification of the Department of Transportation of amounts due under the contract if subsequent investigation reveals that those certifications were wrongly made. The City has presented evidence demonstrating the existence of material issues of fact on its claim that it is entitled to $190,450 in damages under its first counterclaim based on its position that it is still owed liquidated damages for plaintiff's alleged failure to submit written requests for extensions of time for delayed repairs. Moreover, the City has also presented evidence sufficient to withstand summary judgment in support of its second counterclaim, based on its claim

for actual damages for plaintiff's alleged failure to perform its contractual duties to patrol. These counterclaims are " 'inextricably interwoven' " *(GTE Automatic Elec. v Martin's Inc.,* 127 AD2d 545, 547) with plaintiff's claim for payment due under the same contract and are in excess of the amount sought in plaintiff's motion for partial summary judgment, and therefore preclude entry of summary judgment in plaintiff's favor.

We have examined plaintiff's remaining contentions and find that they are without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Tom, JJ.