■ EDWARD E. KLEIN, Respondent-Appellant, v EDWIN EU-BANK et al., Appellants-Respondents. [693 NYS2d 541] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered December 3, 1998, which, in this action brought pursuant to Judiciary Law § 475, fixed petitioner's charging lien for legal services rendered in the amount of $60,000, and awarded petitioner judgment against respondents in that principal amount with interest from January 25, 1992 and disbursements in the total amount of $101,550, unanimously modified, on the law, to direct that the award of interest be calculated from December 29, 1992, and the matter remanded for further proceedings, and otherwise affirmed, without costs.

In light of the ample proof in the record that petitioner did not abandon his client and that petitioner's conduct did not necessitate the termination of the attorney-client relationship, but rather that the relationship deteriorated to the point that representation by petitioner was no longer viable, the IAS Court properly found that petitioner was entitled to a quantum meruit award. The court also properly found that, in calculating the value of the services rendered prior to termination of the attorney-client relationship, the terms of the original retainer were a relevant consideration (*see, Martucci v Brooklyn Children's Aid Socy.*, 284 NY 408, 409).

Additionally, inasmuch as (1) the petition for the lien also sought relief to the extent appropriate, (2) the Court of Appeals reversed this Court's order dissolving the charging lien previously in place (87 NY2d 459, *revg* 210 AD2d 129), (3) the issue of the value of the services was thoroughly litigated before a Referee and the IAS Court, and (4) a plenary action is pending before the same court, there was no impediment to the award of a judgment in this matter notwithstanding that the proceeding was originally brought solely to enforce the lien (*see, Matter of Epstein & Furman*, 189 AD2d 738).

Finally, given the contingency nature of the retainer, interest should run from the date the underlying litigation was settled, rather than the date of petitioner's termination, the former date being the date upon which respondents became entitled to the funds subject to petitioner's lien. Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.