■ In the Matter of JUDITH NOLE, Also Known as JUDITH DRAYTON, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent, et al., Respondent. [808 NYS2d 678]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered January 24, 2005, which, upon granting petitioner's motion for reargument, adhered to an earlier determination denying the petition to annul respondent agency's grant of the landlord respondent's request for a certificate of eviction, unanimously affirmed, without costs. Appeal from judgment, same court and Justice, entered October 25, 2004, unanimously dismissed, without costs, as superseded by the appeal from the judgment of January 24, 2005.

"[N]o dwelling unit may be considered the primary residence of the tenant/cooperator unless the tenant/cooperator provides proof that he or she either filed a New York City Resident Income Tax return at the claimed primary residence for the most recent preceding taxable year for which such return should have been filed or that the tenant/cooperator was not legally obligated to file such tax return" (Rules of City of NY Dept of Housing Preservation and Development [28 RCNY] § 3-02 [n] [4] [iv]). This provision does not create an unconstitutional irrebuttable presumption (*see e.g. Michael H. v Gerald D.*, 491 US 110, 120-121 [1989] [Scalia, J., plurality opinion]; *United States v Locke*, 471 US 84 [1985]; *cf. Vlandis v Kline*, 412 US 441 [1973]).

Because section 3-02 (n) (4) (iv) is constitutional, petitioner's argument about the burden of proof is academic. Even if, arguendo, the landlord bore the burden, it proved that petitioner filed tax returns for the most recent preceding taxable year but did not file a New York City resident income tax return for that year.

The form of the notice of preliminary grounds for eviction complied with 28 RCNY § 3-18 (a) and was sufficiently specific (*see Domen Holding Co. v Aranovich*, 1 NY3d 117 [2003]; *cf. Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786 [1980]). Although the notice gave the wrong date for the lease, no one was prejudiced by this mistake, so we disregard it (*see* CPLR 2001). The notice was properly served pursuant to section 3-18 (a), and the manner of service was reasonably calculated to make petitioner aware of the proceeding so as to afford her an opportunity to be heard (*Reda v Department of Health of City of N.Y.*, 137 Misc 2d 61, 63 [1987], *affd* 143 AD2d 1073 [1988]).

We have considered petitioner's remaining arguments and

find them unavailing. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.