■ DORON ZANANI, Appellant, v MIRIAM SCHVIMMER et al., Respondents. [856 NYS2d 65]—

Order, Supreme Court, New York County (Emily Jane Good-

man, J.), entered April 4, 2006, which, insofar as appealed from, denied plaintiff's motion for summary judgment seeking recovery of unpaid legal fees, unanimously reversed, on the law, with costs, summary judgment awarded to plaintiff, and the matter remanded for further proceedings to determine whether defendants, as claimed in their cross motion for partial summary judgment, are entitled to a setoff in the amount of $6,740 for amounts not properly credited to their account.

Plaintiff's motion for summary judgment should have been granted, because defendants failed to raise a triable issue of fact as to whether plaintiff, the attorney who represented them in a partition action, established an account stated by rendering bills to them to which they failed to object. Defendant Miriam Schvimmer's assertion that she orally objected to the bills is insufficient because she fails to state when she objected or the specific substance of the conversations in which the objections were made (*see Levisohn, Lerner, Berger & Langsam v Gottlieb*, 309 AD2d 668 [2003], *lv denied* 1 NY3d 509 [2004]; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides*, 80 AD2d 781 [1981], *lv dismissed* 53 NY2d 1028 [1981]). Indeed, with respect to bills received by defendants after plaintiff was terminated, Miriam Schvimmer does not even assert that she objected to the bills, only that she "discussed" plaintiff's outstanding fees with him and told him that when the matter was concluded she would "address the issue with him." Furthermore, she failed to show that the invoices were insufficiently itemized. Even if they were, that fact does not in itself prevent an account stated from being created (*see Shea & Gould v Burr*, 194 AD2d 369, 371 [1993]). Moreover, defendants' position that an account stated was not created because they disputed the bills all along is contradicted by the fact that they made partial payment on a substantial number of the bills rendered by plaintiff (*see id.*).

Notwithstanding our grant of summary judgment to plaintiff, we remand for a determination as to whether defendants are entitled to a setoff for amounts alleged by them, in their cross motion for partial summary judgment, to have been paid to plaintiff but not credited to them. However, the other sums for which defendants seek a credit in their cross motion are part of the account stated and, accordingly, these issues have necessarily been decided in plaintiff's favor. Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ.