■ GRAUBARD MILLER, Respondent, v RONALD I. NADLER, Appellant. [875 NYS2d 461]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 10, 2007, which, insofar as appealed from as limited by the briefs, in this action seeking payment of legal fees, granted plaintiff's motion for summary judgment on its causes of action for an account stated and for quantum meruit, and directed entry of judgment in favor of plaintiff in the principal amount of $103,492.44 plus costs and disbursements, and denied defendant's cross motion for summary judgment dismissing the quantum meruit claim, and order, same court and justice, entered November 16, 2007, granting defendant's motion to reargue and, upon reargument, adhering to its prior determination, unanimously affirmed, with one bill of costs.

Plaintiff law firm established entitlement to summary judgment on its claim for an account stated by production of documentary evidence showing that defendant received and retained the invoice without objection (*see Federal Express Corp. v Federal Jeans, Inc.*, 14 AD3d 424 [2005]). Defendant's "self-serving, bald allegations of oral protests were insufficient to raise a triable issue of fact as to the existence of an account stated" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]).

Plaintiff also established its claim for quantum meruit by the production of documentary evidence demonstrating the firm's performance of services in connection with the subject transaction, the acceptance of such services, the firm's expectation of

payment therefor, and the reasonable value of the services (see e.g. Soumayah v Minnelli, 41 AD3d 390, 391 [2007]).

Plaintiff's failure to comply with the rules on retainer agreements (22 NYCRR 1215.1) does not preclude it from suing to recover legal fees for the services it provided (see Egnotovich v Katten Muchin Zavis & Roseman LLP, 55 AD3d 462, 464 [2008]; Seth Rubenstein, P.C. v Ganea, 41 AD3d 54, 63-64 [2007]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Moskowitz and Renwick, JJ. [See 2007 NY Slip Op 32476(U).]