■ KRAMER LEVIN NAFTALIS & FRANKEL LLP, Appellant, v CANAL JEAN CO., INC., et al., Respondents. [900 NYS2d 646]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 1, 2009, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its causes of action for account stated, unanimously reversed, on the law, with costs, and the motion granted as to each such claim against defendants. The Clerk is directed to enter judgment accordingly.

Defendants' statements that they made oral protests about the invoices in question during various meetings with plaintiff

in March 2008 are facially insufficient to establish that they protested the invoices (*Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418, 419 [2009]). Indeed, these statements are contradicted by the fact that defendants made partial payments on the invoices (*see Zanani v Schvimmer*, 50 AD3d 445 [2008]). Nor does plaintiff's failure to provide a written retainer agreement, as required by 22 NYCRR 1215.1, bar its claims for account stated (*see Miller v Nadler*, 60 AD3d 499, 500 [2009]). Plaintiff's mathematical error in its affidavits on the motion (an error in defendants' favor) is also not fatal to its claims, since the invoices themselves are fully consistent and provide a single total for the various claims (*see Sisters of Charity Hosp. of Buffalo v Riley*, 231 AD2d 272, 282-283 [1997]).

Although no cause of action for account stated is pleaded against R&R in the complaint, this omission is not a bar to summary judgment because we find that the evidence necessary to substantiate the claim is in the record. Further, plaintiff made the argument to the motion court and defendants have not been prejudiced (*see Weinstock v Handler*, 254 AD2d 165, 166 [1998]). Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ. **[Prior Case History: 2009 NY Slip Op 32793(U).]**