■ Thelen LLP, Appellant, v Omni Contracting Co., Inc., Respondent. [914 NYS2d 119]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 15, 2010, which, in an action to recover legal fees, denied plaintiff's motion for summary judgment on its cause of action for an account stated, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The record demonstrates that plaintiff was entitled to summary judgment on its cause of action for an account stated. Although discovery had yet to be conducted in this matter, this does not require the denial of the motion as premature (*see Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418 [2009]).

Contrary to defendant's contention, plaintiff did not have to establish the reasonableness of its fee (*see e.g. Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562 [2006], *lv dismissed* 8 NY3d 840 [2007]). Nor does its failure to provide a written retainer agreement bar its claim for an account stated (*see Kramer Levin Naftalis & Frankel LLP v Canal Jean Co., Inc.*, 73 AD3d 604, 605 [2010]).

The affidavit of defendant's president was insufficiently specific to raise a triable issue of fact as to the existence of an account stated (*see e.g. Zanani v Schvimmer*, 50 AD3d 445, 446 [2008]), and while the president incorporated his current attorney's affirmation by reference, that affirmation was "without probative value for [the attorney] apparently ha[d] no personal knowledge of the pertinent facts" (*PPG Indus. v A.G.P. Sys.*, 235 AD2d 979, 980 [1997]). Furthermore, even if defendant's president orally complained that plaintiff's bills were excessive, that is insufficient to avoid summary judgment (*see Berkman Bottger & Rodd, LLP v Moriarty*, 58 AD3d 539 [2009]). Concur—Tom, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.