■ LePatner & Associates, LLP, Respondent, v Harvey Horowitz et al., Appellants. [916 NYS2d 105]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 19, 2010, which, insofar as appealed from as limited by the briefs, in this action seeking unpaid legal fees, denied defendants' motion to vacate the default judgment entered against them, or, in the alternative, for leave to file a late answer, unanimously affirmed, with costs.

The motion was properly denied as defendants failed to proffer a reasonable excuse for the default or a meritorious defense to plaintiff's claim for an account stated (see CPLR 5015). Contrary to defendants' contention, the default judgment entered against them was not a nullity on the basis that plaintiff did not comply with CPLR 3215 (g) (3). Although the affidavit of additional mailing referred to the mailing of a summons and verified complaint and the complaint itself was not verified, the motion court's determination to disregard this mistake was well within its discretion (see Matter of United Servs. Auto. Assn. v Kungel, 72 AD3d 517 [2010]; M Entertainment, Inc. v Leydier, 71 AD3d 517, 518 [2010]; CPLR 2001). There is no indication that defendants were prejudiced by the clerical error in the affidavit of additional mailing (see e.g. Matter of Nole v New York City Dept. of Hous. Preserv. & Dev., 26 AD3d 163, 164 [2006], appeal dismissed 6 NY3d 890 [2006]).

Regarding a meritorious defense, defendants' generally phrased objections to plaintiff law firm's billings do not constitute the specified, contemporaneous objections to bills required to defeat an account stated cause of action (see Zanani v Schvimmer, 50 AD3d 445 [2008]). Furthermore, the record establishes that defendants made partial payments against the subject invoices (see Kramer Levin Naftalis & Frankel LLP v Canal Jean Co., Inc., 73 AD3d 604 [2010]; Zanani, 50 AD3d at 446).

Defendants' reference to a possible counterclaim which they assert will result in greater damages than sought herein by plaintiff, does not, under the circumstances, constitute a meritorious defense. The counterclaim appears to be wholly unrelated to plaintiff's claim (see Stevens v Phlo Corp., 288 AD2d 56 [2001]; compare A.I. Smith Elec. Contrs. v City of New York, 211 AD2d 485, 486-487 [1995]). Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ.