■ GOLDBERG, WEPRIN & USTIN, LLP, Respondent-Appellant, v LEONARD D. PEARLMAN, Appellant-Respondent. [922 NYS2d 25]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 3, 2010, which, in an action for legal fees, denied defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on its causes of action for an account stated or, in the alternative, for quantum meruit, unanimously affirmed.

Plaintiff alleges that it is entitled to legal fees based on the legal services it provided to defendant regarding the sale of an apartment complex owned by Kingsbridge Associates, in which defendant was a principal, and regarding other real estate transactions involving a variety of defendant's corporate entities. In January 2005, plaintiff sent defendant a letter of engagement at his home address outlining the attorney hourly rates for the apartment complex transaction. Although this letter went unsigned, plaintiff proceeded to complete work on the transaction, and there were conversations between the parties during this time. In February 2005, plaintiff sent defendant a second letter of engagement at his home address referencing a conversation the parties had regarding defendant's concern over the amount of fees that had accumulated. The letter also

apprised defendant that by signing and returning it, he would be obligated to make full payment of all amounts due. Both letters of engagement were addressed to defendant, individually, and defendant did not sign either letter.

In November 2006, when the sale of the apartment complex was complete, the escrow funds from plaintiff's account were returned to Kingsbridge Associates. Thereafter, plaintiff continued to provide additional legal services regarding various real estate transactions in an effort to ensure that defendant received substantial tax benefits from the original apartment complex transaction. The record shows that plaintiff received three payments from two of defendant's corporate entities that were involved in these additional real estate transactions. Plaintiff commenced this suit against defendant, individually, for legal fees, arguing entitlement under a theory of account stated and, in the alternative, quantum meruit. Both parties subsequently moved for, and were denied, summary judgment.

The motion court properly determined that neither party was entitled to summary judgment. Although the record demonstrates that plaintiff provided legal services, it is unclear to whom these services were provided. The record shows that plaintiff addressed and mailed all correspondence and invoices to defendant, individually, at his home address. However, the record also establishes that plaintiff received partial payment from two of defendant's entities, not from the defendant himself, and that plaintiff transferred the remaining escrow funds from the apartment complex transaction to Kingsbridge Associates, not to defendant individually (*compare Miller v Nadler*, 60 AD3d 499 [2009]). Moreover, the invoices themselves are ambiguous and do not conclusively establish for whom the work was completed.

We have considered the parties' remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ.