10-3163-cv
Simon v. Sack

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> PETER W. HALL,
> GERARD E. LYNCH,
> > <u>Circuit Judges</u>.

_____

JEAN P. SIMON,

> *Plaintiff-Appellant,*

> v.                                              10-3163-cv

JONATHAN SACK,

> *Petitioner-Appellee,*

UNUM, UNUM PROVIDENT, PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, THE PAUL REVERE LIFE INSURANCE COMPANY, FIRST UNUM LIFE INSURANCE COMPANY, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, UNUM PROVIDENT CORPORATION, UNUM GROUP,

> *Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:** Jean P. Simon, <u>pro se</u>, New York, NY.

**FOR PETITIONER-APPELLEE:** Jonathan Sack, Sack & Sack, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Jean P. Simon, <u>pro se</u>, appeals the district court's judgment granting Appellee Jonathan Sack's petition for attorney's fees in <u>quantum meruit</u> and awarding $89,160 in fees, plus prejudgment interest running from October 28, 2008, the date of Sack's discharge. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We generally review an award of attorney's fees for an abuse of discretion, <u>see</u> <u>Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.</u>, 370 F.3d 259, 262 (2d Cir. 2004), but review a district court's legal conclusions, such as whether a recovery in <u>quantum meruit</u> is appropriate, <u>de novo</u>, <u>see</u> <u>Pierce v. Underwood</u>, 487 U.S. 552, 558 (1988).

**[1]** Simon challenges the finding that Sack was not terminated for cause.  Under New York law, a lawyer may be discharged at any time, with or without cause.  See Universal Acupuncture, 370 F.3d at 263.  A lawyer discharged for cause is not entitled to legal fees.  See id.  In this context, "cause" requires more than simply "[p]oor client relations, differences of opinion, or personality conflicts."  Garcia v. Teitler, 443 F.3d 202, 212 (2d Cir. 2006).  Instead, a client must show "impropriety or misconduct on the part of the attorney."  Id.  A lawyer who is discharged without cause prior to the conclusion of the case may recover in quantum meruit the fair and reasonable value of the services rendered.  Universal Acupuncture, 370 F.3d at 263.  This is true even if the attorney was initially employed under a contingent fee contract.  Id.

The district court's conclusion that Simon did not discharge Sack for cause was based on its factual finding that Simon's testimony as to the events surrounding Sack's termination lacked credibility, was unsupported in the record, and was manufactured in order to avoid paying attorney's fees.  On appeal, such credibility determinations are entitled to deference, see Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., 422 F.3d 72, 76 (2d Cir. 2005)

3

(per curiam), and Simon has not directed our attention to evidence undercutting the district court's credibility determination, nor has he left us with a "definite and firm conviction that a mistake has been committed." Drake v. Portuondo, 553 F.3d 230, 240 (2d Cir. 2009) (internal quotation mark omitted).

**[2]** Simon argues that a New York attorney may not recover in quantum meruit absent the required "letter of engagement." See N.Y. Comp. Codes R. & Regs. tit. 22, § 1215.1. While Simon takes issue with various cases cited by both Sack and the district court on this issue, Simon has not directed our attention to any controlling New York case holding that an attorney who violates the letter of engagement rule may not recover in quantum meruit. Indeed, the weight of New York authority suggests the opposite. See, e.g., Roth Law Firm, PLLC v. Sands, 920 N.Y.S.2d 72, 73 (N.Y. App. Div. 2011) ("Plaintiff's failure to comply with the letter of engagement rule does not preclude it from seeking recovery of legal fees under such theories as services rendered, quantum meruit, and account stated." (internal citations omitted)); Kramer Levin Naftalis & Frankel LLP v. Canal Jean Co., Inc., 900 N.Y.S.2d 646, 646 (N.Y. App. Div. 2010) ("Nor does [a law firm's] failure to

4

provide a written retainer agreement, as required by 22 NYCRR 1215.1, bar its claims for account stated . . . ."); Miller v. Nadler, 875 N.Y.S.2d 461, 462 (N.Y. App. Div. 2009) ("Plaintiff's failure to comply with the rules on retainer agreements (22 NYCRR 1215.1) does not preclude it from suing to recover legal fees for the services it provided." (internal citations omitted)). Accordingly, we find no error in the district court's conclusion that Sack was entitled to quantum meruit recovery in the absence of a letter of engagement.

[3] In determining that $89,160 represented the fair and reasonable value of the services rendered, the district court properly considered the quality of the services provided by Sack and his firm, the amount Sack would have received under the original contingent-fee agreement, and Sack's detailed testimony about the extent of the services his firm provided and the amount of time expended in performing those services. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 148 (2d Cir. 1998) ("Among the factors to be considered in [ascertaining the reasonable value of services rendered] are the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by

5

counsel, the qualifications of counsel, the amount at issue, and the results obtained (to the extent known)."). Although Simon contends on appeal that Sack's failure to maintain contemporaneous time records forecloses his fee claim as a matter of law, "New York courts have specifically rejected the hard and fast rule that reconstructed time records can never serve as a basis for compensation in favor of wider trial court discretion in evaluating fee petitions." Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d Cir. 1992) (internal quotation marks omitted).

**[4]** Simon challenges the district court's calculation of prejudgment interest from the date of Sack's October 2008 termination rather than the date of the October 2009 settlement. We review a district court's decision to award prejudgment interest, as well as the determination of the date from which such interest accrues, for abuse of discretion. See U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 81 (2d Cir. 2004); New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 602-03 (2d Cir. 2003). Here, the district court's decision to impose prejudgment interest at New York's statutory rate from the date on which Sack was discharged was appropriate. See N.Y. C.P.L.R. § 5001(b) ("Interest shall be computed

6

from the earliest ascertainable date the cause of action existed . . . ."); Universal Acupuncture, 370 F.3d at 263 ("Under New York law, a lawyer's right to recover in quantum meruit accrues immediately upon discharge."). Moreover, Simon's reliance on Klein v. Eubank, 693 N.Y.S.2d 541, 543 (N.Y. App. Div. 1999), which held that the date of settlement, rather than the date of the attorney's termination, is the date on which prejudgment interest should run, is not persuasive in light of New York Court of Appeals precedent suggesting that an attorney's quantum meruit cause of action comes into existence at the time of discharge. See Cohen v. Grainger, Tesoriero & Bell, 622 N.E.2d 288, 290 (N.Y. 1993) ("[A] discharged attorney may recover the 'fair and reasonable value' of the services rendered, determined at the time of discharge and computed on the basis of quantum meruit." (internal citations omitted)); Lai Ling Cheng v. Modansky Leasing Co., 539 N.E.2d 570, 573 (N.Y. 1989) (holding that "[i]mmediately upon his discharge, [an attorney] was entitled to be compensated in a fixed dollar amount, quantum meruit"); Tillman v. Komar, 181 N.E. 75, 76 (N.Y. 1932) (holding that "[o]n the termination of the contract of retainer a cause of action for the reasonable value of his services immediately

7

accrued to the attorney" and therefore "[s]ince he is entitled at the present time to enforce his claim by action, he need not . . . be compelled to await the outcome of the litigation from which he has been displaced"); see also Ballow Brasted O'Brien & Rusin P.C. v. Logan, 435 F.3d 235, 242 n.7 (2d Cir. 2006) ("On a question of New York law, we are not bound by a decision of the Appellate Division if we have persuasive evidence that the New York Court of Appeals would reach a different conclusion." (internal quotation marks omitted)).

**[5]** Finally, Simon argues that the district court forced him to proceed pro se in the summary judgment proceedings when it denied his potential counsel's request for a continuance to file an opposition to Sack's motion. We review a district court's denial of a continuance for abuse of discretion and affirm "unless there is a showing both of arbitrariness and of prejudice" to the moving party. Farias v. Instructional Sys. Inc., 259 F.3d 91, 99-100 (2d. Cir. 2001).

Here, Simon fails to establish either. The continuance ruling did not prejudice Simon because the district court denied Sack's summary judgment motion after determining that there were disputed issues of material fact and that a

8

hearing was necessary.  Nor was the decision arbitrary. Simon had notice of the fee dispute well in advance of the filing of Sack's summary judgment motion, and had ample time to retain an attorney to handle the litigation. Accordingly, there was no abuse of discretion in the denial of the continuance request.

We have considered all of Simon's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk