■ EMERY CELLI BRINCKERHOFF & ABADY, LLP, Respondent, v MICHAEL ROSE, Appellant. (And a Third-Party Action.) [974 NYS2d 422]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered May 10, 2012, awarding plaintiff the aggregate amount of $560,052.77 on its claim for an account stated against defendant Michael Rose, pursuant to an order, same court and Justice, entered May 7, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the account stated claim, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff established its entitlement to judgment as a matter of law on its claim for an account stated "by showing that its client received, retained without objection, and partially paid

invoices without protest" (*Scheichet & Davis, P.C. v Nohavicka*, 93 AD3d 478, 478 [1st Dept 2012] [internal quotation marks omitted]; *see Miller v Nadler*, 60 AD3d 499 [1st Dept 2009]).

Defendant's argument that plaintiff failed to make a prima facie case because it submitted no expert opinion that its retainer agreement and the legal services it rendered were fair and reasonable is unpreserved. Were we to reach the merits, we would find it unavailing. It is not part of a plaintiff's prima facie case on a claim for an account stated to show the reasonableness of the retainer agreement or its legal services (*see e.g. Scheichet & Davis., P.C.* at 478; *Miller* at 499). Indeed, in *Miller*, we found that "[p]laintiff's failure to comply with the rules on retainer agreements . . . does not preclude it from suing to recover legal fees for the services it provided" (*Miller* at 500), and "[i]n the context of an account stated pertaining to legal fees, a firm does not have to establish the reasonableness of its fee" (*Lapidus & Assoc., LLP v Elizabeth St., Inc.*, 92 AD3d 405, 405-406 [1st Dept 2012] [internal quotation marks omitted]).

If a defendant client's legal malpractice claim is intertwined with a plaintiff law firm's claim for legal fees, the plaintiff will not be entitled to summary judgment on its account stated claim. However, if the malpractice claim is not so intertwined, courts are not precluded from granting the plaintiff summary judgment (*see Morrison Cohen Singer & Weinstein v Ackerman*, 280 AD2d 355, 356 [1st Dept 2001]).

Here, it was not an improvident exercise of the motion court's discretion to rule, in effect, that defendant had waived his right to raise malpractice by not filing an amended answer by the deadline set by the court (*see Quintanna v Rogers*, 306 AD2d 167, 168 [1st Dept 2003]). Furthermore, the record shows that plaintiff performed a great deal of work that was unrelated to the purported malpractice.

Defendant's argument that the judgment improperly calculates prejudgment interest is unpreserved. Were we to consider it, we would note that defendant cites no authority in support of his position. Concur—Saxe, J.P., Renwick, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2012 NY Slip Op 31198(U).]**