Magen David MGMT v Abreu (2024 NY Slip Op 50902(U))

[*1]

Magen David MGMT v Abreu

2024 NY Slip Op 50902(U)

Decided on July 12, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 12, 2024
Civil Court of the City of New York, Bronx County

Magen David MGMT, Petitioner,

against
Guillermo Abreu, Respondent-Tenant, EYLEEN AWILDA DEJESUS GARCIA, Respondent-Occupant, (As Amended).

Index No. 319413/2022 

For Petitioner: 
Mark M. Cohen & Associates, P.C.
1942 Williamsbridge Road
2nd Floor
Bronx, New York 10461
For Added Respondent:
The Bronx Defenders
360 East 161st Street 
Bronx, New York 10451

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion. 
Papers Numbered
Notice of Motion, With Affidavit & Exhibits (NYSCEF Doc. 19) 1
Affirmation in Opposition (NYSCEF Doc. 21) 2 
Reply Affirmation (NYSCEF Doc. 22), With Exhibits (NYSCEF Docs. 22-23) 3
After argument on July 1, 2024, and upon the foregoing cited papers, the decision and order on this motion is as follows: DISCUSSION
Relevant Background and Procedural Posture
This is a 2022 non-payment case seeking possession of a rent-stabilized apartment based on non-payment of arrears by the tenant-of-record, Guillermo Abreu (Abreu). Petitioner obtained [*2]a final judgment and warrant of eviction after Abreu failed to answer.[FN1]
After service of a marshal's notice, Abreu appeared and between June 30, 2023 and February 22, 2024 executed five (5) separate stipulations extending his time to pay arrears.[FN2]
The February 2024 stipulation indicates that Abreu had no ability to pay the arrears. That agreement stayed execution of the warrant of eviction through March 10, 2024 for payment or for Abreu to vacate the apartment. The agreement also contemplates pre-service of the marshal's notice. (see NYSCEF Doc. 16).
It appears that when Abreu did not pay, a city marshal went to the apartment on or about March 20, 2024. According to petitioner's agent, this is when petitioner learned that Eylleen Awilda De Jesus Garcia (Garcia) resided in the apartment. (see NYSCEF Doc. 18, p. 3).
Petitioner now moves to join Garcia to the case and also seeks to add her to the existing warrant of eviction.[FN3]
Abreu has not opposed the motion and it appears he vacated the apartment several months ago. Garcia, for her part, argues that while petitioner may execute the warrant it has against Abreu, it should not be allowed to add her to this existing proceeding.
For the reasons stated below, petitioner's motion is granted in part.
Joinder
In response to petitioner's agent's affidavit stating that he had no idea who Garcia was until the city marshal found her at the apartment, (see NYSCEF Doc. 18, p. 3, par. 4), Garcia does not submit an affidavit. Counsel's allegation of long-term occupancy made with no personal knowledge has no probative value. (see generally, Thelen LLP v Omni Contracting Co., 79 AD3d 605, 606 [1st Dept. 2010]).
Garcia's arguments that the court lacks jurisdiction over her because she was not served with the predicate rent demand or because she was not originally served with the petition and notice of petition both lack merit. It is settled law that an occupant is not generally entitled to predicate notices, (see 1700 First Ave. LLC v Novak, 46 Misc 3d 30, 31 [App Term, 1st Dept. 2014], and they are certainly not entitled to a rent demand. (see 2626 Equities v Morillo, 66 Misc 3d 1211(A), 2 [Civ Ct, Bronx County 2020] (only the tenant under the obligation to pay rent entitled to statutory rent demand); 180 Management Corp v Salifu, 80 Misc 3d 1206(A), 2 [Civ Ct, Bronx County 2023]).
Joinder, of course, is contemplated by statute, (see CPLR 1001(a)), and can be at any time. (see CPLR § 1003). This procedural mechanism would obviously be unnecessary if the proposed new party had been originally named and served with process. To the extent that Garcia argues that she should have been named and served originally, no facts in admissible form are offered. (see Thelen, LLP, supra).
As such, even after two years, petitioner is granted leave to join Garcia as a party. (see e.g. Vinegar Hill Asset, LLC v Jones, 75 Misc 3d 1217(A) [Civ Ct, Kings County 2022], citing [*3]Solomon v Solomon, 136 AD2d 697 [2nd Dept. 1988] (the court has wide latitude in the addition or deletion of parties); see also Parker v 151 East 83rd Street Tenants Corp., 171 AD2d 599, 600 [1st Dept. 1991] ("[I]f plaintiffs considered defendants' participation in this action to be necessary in order to accord them complete relief... they were obliged to join them as parties to this litigation." [emphasis added])).[FN4]

Adding New Parties to the Existing Judgment and Warrant
Petitioner seeks an immediate judgment against Garcia and, incredibly, asks that that warrant of eviction be amended to include Garcia. These requests cannot be granted.
Granting leave to add a party does not confer jurisdiction over that party. (see Kaplan v Kaplan, 94 AD2d 788 [2nd Dept. 1983]. The CPLR requires that the new party be served with a supplemental notice of petition and amended petition. (see id; Gomberg v Gorman, 117 AD2d 583 [2nd Dept. 1986]; Amer. Trans. Ins. Co v Carillo, 307 AD2d 220 [1st Dept. 2003] (In special proceeding, newly added respondents had to be served with supplemental notice of petition and supplemental petition)). Indeed, the new party must be served with the amended pleadings and given the opportunity to answer. (see Gomberg, supra; Schmidt v Schmidt, 99 AD2d 775 [2nd Dept. 1984]). Obviously, judgment cannot be entered against someone not even yet part of the case.
Assuming joinder, petitioner's counsel insists that parties are routinely added to judgments and warrants. However, no appellate level citation is offered. In 47 Featherco LLC v Castillo, two occupants were joined and the court immediately granted judgments of possession against them, with warrants of eviction to issue forthwith. (see 53 Misc 3d 1211(A) [Civ Ct, Bronx County 2016]). Even there, the court did not amend the existing judgment and warrant. Furthermore, Castillo is not binding on this court.
Additionally, the occupants in Castillo acknowledged in the record they were just "friends" and subtenants without any independent rights to possession. Here, the record is silent on what Garcia's claims are, if any. Petitioner's agent's statement that he does not know Garcia does not eliminate the possibility she may have valid defenses. Nor does petitioner cite to any appellate level case law which would require eliminating a proposed new party's fundamental due process rights.[FN5]

This is not to say that petitioner's argument is completely meritless. A plain reading of RPAPL § 749 illustrates this point. In Parkash 2125, LLC v Galan, the court noted that warrants of eviction (at that time) commanded the removal of not only the named respondent against whom judgment has been issued, but also "all other persons" from the designated property. (61 [*4]Misc 3d 502, 503 [Civ Ct, Bronx County 2018]). Such language clearly did not comply with over one hundred years of appellate level precedent. (id at 503-504, citing Fultz v Munro, 202 NY 34 [1911] (warrant to be used against only those in actual possession who are made party to the proceeding); 170 W. 85th St. Tenants Assn. v Cruz , 173 AD2d 338, 339 [1st Dept. 1991] ("Due process requires only that, for the warrant to be effective against a subtenant, licensee or occupant, he be made a party to the proceeding, either by naming him in and serving him with the petition and notice of petition or by joining him as a party during the pendency of the proceeding")).
Galan brought the eviction of unnamed occupants, and even named ones, due to improperly broad language in warrants, to the forefront. Less than one year later, the legislature amended RPAPL § 749 deleting the requirement that the warrant of eviction command the marshal to "remove all persons" replacing it with the commandment that the marshal "remove all persons named in the proceeding" (L 2019, ch 36, part M, § 19 [emphasis added]). Thus, the amended RPAPL essentially stated what Cruz held twenty-eight years earlier.
What the legislature did not do was require that only those persons named in the warrant be evicted.
The court can only assume that this distinction was purposeful. The rules of construction require that words in statutes be given its most obvious, commonly understood meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 233 ["(w)hen terms of art ... are used, it is supposed that the Legislature had in view the subject matter about which such terms or phrases are commonly employed"]; Castro v United Container Mach. Group, Inc., 96 NY2d 398, 401 [2001] ("words in a statute are to be given their plain meaning without resort to forced or unnatural interpretations"); Rosenblum v New York State's Workers' Compensation Bd., 39 AD2d 120, 123 [1st Dept. 2003]). As such, it is not entirely clear that petitioner must obtain a judgment and warrant against all named persons in order to evict all named persons.
Practically speaking, if a person is named in the summary proceeding, petitioner will likely proceed to obtaining a warrant against them; it seems as if marshals will not evict persons not on the warrant [assuming, of course, that they happen to be at home at the time of execution]. But the amended RPAPL does not require this outcome. If the legislature wanted all persons to be evicted to be named in the warrant the amended RPAPL § 749 could state so. It does not.
Accordingly, it is ORDERED that the motion is granted to the extent set forth below and otherwise denied; and it is further,
ORDERED that Petitioner shall serve all parties with a copy of this decision/order with notice of its entry; and it is further,
ORDERED that the caption shall be amended to reflect that Eylleen Awilda Dejesus Garcia has been added as a party-respondent; and it is further,
ORDERED that Petitioner is granted leave to serve the supplemental notice of petition and amended petition on Eyleen Awilda Dejesus Garcia.
This is the court's decision and order. It will be posted on NYSCEF.
Dated: July 12, 2024
Bronx, New York
SO ORDERED,
HON. SHORAB IBRAHIM 
Judge, Housing Part 

Footnotes

Footnote 1:Petitioner made its warrant application on or about October 21, 2022. The warrant issued on March 6, 2023. 

Footnote 2:The court also issued an Order on October 13, 2023 which stayed execution of the warrant of eviction for payment. 

Footnote 3:The court reads the motion as seeking joinder, although that term is not used in the motion.

Footnote 4:The court has considered that Garcia may not be a necessary party. However, this is a summary proceeding and Garcia's rights may properly be adjudicated in this matter without spending additional judicial resources; joinder is appropriate under the totality of the circumstances.

Footnote 5:Petitioner, of course, may move for summary judgment after Garcia files an answer. The court, as always, may employ CPLR § 409(b) at any time, upon proper notice. To the extent that amended pleadings were filed prior to the court issuing this order, petitioner is directed to Liberty Mut. Ins. Co v Bohl, 262 AD2d 645, 646 [2nd Dept. 1999] (proper service of the amended pleadings can only be effectuated once the party has been added)).