Pryor Cashman LLP v Wiener
2026 NY Slip Op 04046
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Pryor Cashman LLP, Respondent,
v
Joel Wiener, et al., Appellants, 31st Street ZEF LLC, Defendants.

Decided and Entered: June 25, 2026
Index No. 653689/24|Appeal No. 6964,M-01280|Case No. 2025-02560|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Dilworth Paxson LLP, New York (Ira N. Glauber of counsel), for appellants.
Pryor Cashman LLP, New York (Brian Maida of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about March 19, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
We decline plaintiff's request to dismiss the appeal for defendants' failure to include in the record the transcript of oral argument on the motion and grant the motion to supplement the record to include the transcript.
This appeal is from the denial of the motion by defendant Joel Wiener and the LLC defendants to dismiss plaintiff's complaint for unpaid legal fees in the amount of approximately $650,000. The court properly denied defendants' motion to dismiss Wiener, the LLC defendants' managing member/agent, as a defendant, as his dismissal is premature at the pleading stage. The complaint alleges that Wiener personally requested that plaintiff perform legal work for the LLC defendants, including as a "favor to" him, and interfaced directly with plaintiff on multiple occasions concerning the legal work that plaintiff performed for the LLC defendants for over 25 years. The complaint further alleges that Wiener made personal assurances to pay plaintiff, both orally and in writing. He also personally directed plaintiff to bill "Wiener Realtors" for legal services performed on behalf of the LLC defendants, even though Wiener Realtors is a non-existent entity.Based on these allegations, Wiener is presumed personally liable (see Paribas Props. v Benson, 146 AD2d 522, 525 [1st Dept 1989]) until further factual development demonstrates as to which, if any, of the existing LLCs are bound under the relevant agreements.
The letter of engagement rule (22 NYCRR 1215.1) does not preclude plaintiff from asserting a breach of contract claim against the LLCs. The allegation that the parties' relationship was covered by "a series of agreements," including written agreements, must be accepted as true at the pleading stage. Furthermore, the complaint sufficiently alleges that the parties' attorney-client relationship commenced before March 4, 2002, the effective date of the rule, and that the services at issue were "of the same general kind as previously rendered to and paid for by the client" (22 NYCRR 1215.2[b]).
The allegations that defendants received plaintiff's invoices seeking payment for legal services and failed to object within a reasonable time sufficiently state a claim for account stated (see Aronson Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182, 185 [1st Dept 2024]). Defendants' submission with their CPLR 3211 motion of emails showing that Wiener objected to a subset of services in plaintiff's summary of the "long-outstanding invoices" falls short of conclusively establishing at this stage of the litigation "the specified, contemporaneous objections to bills required to defeat an account stated" claim (LePatner & Assoc., LLP v Horowitz, 81 AD3d 472, 472 [1st Dept 2011]).
[*2]
The allegations that defendants requested and accepted plaintiff's legal services in the context of a longstanding relationship in which payment was expected, but then refused to pay, along with the alleged reasonable value of plaintiff's services, sufficiently state a claim for quantum meruit and unjust enrichment (see Eastern Consol. Props., Inc. v Waterbridge Capital LLC, 149 AD3d 444, 444 [1st Dept 2017]; Miller v Nadler, 60 AD3d 499, 499-500 [1st Dept 2009]).
M-2026-01280 Pryor Cashman LLP v Joel Wiener et al .
Motion to supplement the record, granted. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026